# ILLINOIS CENTRAL RAILROAD COMPANY

## *v.*

## JOSEPH J. SUTTON.

1. PASSENGERS — *violating rules of a railroad company — can only be expelled from train at a regular station.* Where a railroad company carries passengers on a freight train, and in such cases, requires tickets to be purchased before entering the train, and a passenger disregards the rule, he can only be expelled at a regular station.

2. STATUTE — *penalty for violation of rules — construction of.* The willful neglect to purchase a ticket at the time and place required by the rules of the company, and a refusal to pay fare, are substantially the same offense against the rights of the road, and the penalty no greater for one than the other.

3. RAILROAD COMPANY — *liable for expulsion of a passenger at a place other than a regular station.* When a passenger, before the departure of the train, was informed of the rule requiring tickets to be purchased before entering the train, and he then sought to buy them, but the office was closed, and then entered the train, and offered to pay his fare to the conductor, which was refused, and he was expelled from the train at a place other than a regular station, — *Held,* that the company was liable for such action.

4. EVIDENCE — *declarations of a person injured — as to the cause of such injury — inadmissible.* The declarations of a person injured, made to his physician, as to the cause of such injury, are inadmissible in evidence.

5. EXPERT — *to what extent may be guided, in forming opinion, by the declarations of the injured party.* A physician, in forming his opinion as to the cause of a patient's bodily condition, must necessarily, to some extent, be guided by what the patient tells him, in detailing his sufferings, and not only the opinion thus founded in part upon such *data* is admissible, but the physician may state what the patient said in describing his bodily condition, if such statements were made under circumstances which free it from all suspicion of having been spoken with reference to future litigation, and give it the character of *res gestæ*.

6. SAME — *cannot give mere statement of party injured, as to the cause, in lieu of his own opinion.* The mere statement of a party injured, as to the specific cause of his bodily condition, cannot be given in evidence by an expert, in lieu of his own professional opinion.

APPEAL from the Circuit Court of Champaign county; the Hon. O. L. DAVIS, Judge, presiding.

This was an action of trespass on the case, instituted by the appellee, in the court below, against the appellant, as a common carrier, for ejecting the appellee, who was a passenger, from the cars of the appellant.

Damages claimed $10,000.    Plea, the general issue.

At the October Term, 1866, of the Champaign Circuit Court, the cause was tried before a jury, who found the defendant guilty, and assessed the plaintiff's damages at $470, besides the costs of suits.    A motion for a new trial was made, which the court overruled, and thereupon rendered judgment upon the verdict.    Whereupon the defendant prayed an appeal to this court.    The points in the case upon which error is assigned are fully stated in the opinion of the court.

Mr. W. D. SOMERS, for the appellant.

Mr. E. S. TERRY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case, in its essential features, is like that of the *Chicago & Alton R. R.* v. *Flagg*, decided at the present term.* We held, in that case, when a railway company carries passengers in a car attached to a freight train, and adopts a regulation requiring tickets to be purchased before entering the train, and a passenger disregards the rule, he can only be expelled from the train at a regular station.    It is urged that this provision of the statute, forbidding passengers to be elsewhere expelled, applies only to the case of refusal to pay the fare and not to a violation of any other reasonable rule.    But the willful neglect to buy a ticket at the time and place required by the rules, and the refusal to pay the fare, are substantially the same offense against the rights of the road, and the former can be visited by no heavier penalty than the latter.    But in this case, as in the other above referred to, there was no satisfactory proof that the plaintiff was cognizant of the rule, and he offered to pay his fare to the conductor, who refused to receive it, and compelled him to leave the train at some distance from a station.    He

* To be reported in 43 Ill.

was, indeed, informed of the rule just before the train started, and then sought to buy a ticket, but the office was closed. Under these circumstances he was clearly entitled to his action.

He claims to have been suffering from disease, and that it was aggravated by the walk incident to his expulsion from the cars. To prove this, a physician was examined, who testified he visited the plaintiff and found him suffering much pain; that he had been attending him for two years, and had cautioned him against severe exercise, and that the plaintiff informed him his present condition was caused by overexertion in walking. The defendant moved the court to exclude so much of this evidence as related to what the plaintiff said of the cause of his condition. This the court refused to do, and in this decision there is error. A physician, when asked to give his opinion as to the cause of a patient's condition at a particular time, must necessarily, in forming his opinion, be, to some extent, guided by what the sick person may have told him, in detailing his pains and sufferings. This is unavoidable, and not only the opinion of the expert, founded in part upon such *data*, is receivable in evidence, but he may state what his patient said, in describing his bodily condition, if said under circumstances which free it from all suspicion of being spoken with reference to future litigation, and give it the character of *res gestæ*. But to permit a party to prove what he himself stated to his physician, not in regard to the character and manifestations of his malady, but in reference to its specific cause, when that is one of the issues before the jury, would be carrying an acknowledged departure from the ordinary rules of evidence, having its origin in necessity, to a most dangerous extent. *State of Vermont* v. *Davidson*, 30 Vt. 377.

The propriety of enforcing this rule in the present case is manifest from a careful consideration of the evidence. The physician was asked as to his professional opinion of the cause of the plaintiff's illness. This opinion he gives nowhere in his testimony, but, instead thereof, he states that the plaintiff said his sickness was caused by overexercise in walking. True, the physician says he had cautioned the plaintiff against over-

exercise in walking, and that walking would injure him, but he does not give his professional opinion, that the illness, which confined the plaintiff for several weeks, was due specifically to that cause, although that impression is allowed to be made upon the minds of the jury. It seems to us not impossible the physician may have been unwilling to state, as his own belief, that the plaintiff's long confinement was due to the walk taken by him after having been expelled from the railway train. That expulsion occurred only between one and two miles from the station. It appears in the testimony that plaintiff " was walking about the premises," while waiting for the train at the station. He was engaged in the tin and hardware business, and two of his witnesses swear his time was worth fifty dollars per day. If that was true he must have been leading a life of great activity. We can well see, therefore, that the physician may have been in doubt as to whether the walk of that day caused his illness, and whether in doubt or not, he should not have been permitted, against the objection of the defendant, to give to the jury the statement of the plaintiff in lieu of his own professional opinion. It is urged by counsel for appellee, that the fact of his having been obliged to walk from one to two miles is proved by other witnesses. That is true, but the question was, whether his illness was attributable to that walk, and on that point the only direct evidence in the record was the statement of the plaintiff himself. Perhaps the jury would have presumed this from the fact, that the illness immediately followed the walk, and from the statement of the physician, that the plaintiff had for a long time been suffering from a disease which would be aggravated by severe exercise. But we cannot tell how far the jury may have been influenced in fixing the damages by this statement of the plaintiff, given to them through the physician, and, as it was illegal evidence, we must reverse the judgment, and remand the cause for another trial.

*Judgment reversed.*