## The State *vs.* Nathan Noyes.

A foreigner, ignorant of the English language, had testified through an inter-
preter as to certain facts, and on cross-examination had denied stating the
facts differently. The opposing party then offered a witness to testify that
some time before the trial, the foreigner had, through an interpreter, stated
some of the facts differently to him. Held that the interpreter used on that
occasion must be called as to what the foreigner said, and that the witness, who
heard it only through the interpreter, could not testify to it.

Information for an assault with intent to commit a rape ;
brought to the Superior Court in New London county, and
tried to the jury before *Loomis, J.*

On the trial the attorney for the state offered evidence to
show that, on the 29th day of November, 1868, the defendant,
on his return from his father's house in the town of Sprague,
to the house of James C. Smith in the town of Norwich, met
Joanna Murphy, the woman named in the information, on the
road leading from Sprague to Norwich, about the hour of six
in the evening, and assaulted and attempted to ravish her.
The defendant offered evidence to prove that at the very time
when the assualt was claimed to have been made he was in
the house of Smith, and therefore could not have been the
person who committed the crime. It became therefore a
material question in the case, at what time the defendant left
his father's house at Sprague to return to Norwich. The
attorney for the state offered Frank Frazio as a witness, who,
being unable to speak or understand the English language,
was examined through an interpreter, and who testified that
he saw the defendant near Sprague, on the road leading
towards Norwich, about the hour of five o'clock on the day
when the crime was committed ; and on his cross-examina-
tion denied that he had ever stated to any person that he met
him at a different and earlier hour. In order to prove that
this witness had, prior to the trial, stated that he met the
defendant at the place named earlier than at five o'clock, the
defendant offered William A. Lewis as a witness, to prove

that he had an interview with Frazio, by means of an ir
preter, soon after the 29th day of November, and that Frazio,
through a third person acting as interpreter, then stated to
him that it was about the hour of four, and not five o'clock,
when he met the defendant ; but the witness had no knowl-
edge of what Frazio stated except by the statements of the
interpreter. To the admission of this testimony the attorney
for the state objected, on the ground that, as Lewis had com-
municated with Frazio through an interpreter, the interpreter
must be produced and sworn as to the declarations of Frazio
at the interview with Lewis, and that Lewis could not him-
self testify to such declarations. The court sustained the
objection and rejected the testimony.

The jury returned a verdict of guilty, and the defendant
moved for a new trial.

*Wait* and *Tenny*, in support of the motion, cited *Fabrigas*
v. *Mostyn*, 20 Howell's State Trials, 123 ; 1 Greenl. Ev., §
183 ; 1 Phill. Ev., 385.

*Chadwick*, State Attorney, and *Ripley*, contra.

HINMAN, C. J. To impeach a witness who had testified
through an interpreter in respect to the time when he saw
the defendant on the road between Sprague and Norwich, and
who on cross-examination denied that he had said to any one
that he saw him at an earlier and different time, the defendant
offered William A. Lewis to prove that, at an interview with
the witness, he stated to him, through an interpreter, that he
met the defendant an hour earlier than he had testified ; and
the court, on the objection of the attorney for the state, exclu-
ded the evidence of Lewis, on the ground that the interpreter
should be called, as he alone could know and understand
what the witness had said. We are of opinion that this ruling
was right. The testimony of Lewis is open to the objection
of being hearsay merely. But it is claimed that the case of
an interpreter who states what is said to him for the purpose
of being communicated to another forms an exception to the

general rule in respect to hearsay testimony, and the case of *Fabrigas* v. *Mostyn*, 20 Howell's State Trials, 123, and the text books which refer to that case, are cited in support of the proposition. But the evidence was received in that case on the ground that the interpreter was the accredited agent of the parties themselves and was acting within the scope of his authority, and only on that ground. But in this case the witness Lewis was the sole agent of the defendant, acting, it would seem, for the purpose of drawing out admissions from the witness to be used against his testimony on the trial of the defendant. The testimony of such witnesses, volunteers for the purpose of drawing out admissions from witnesses, is suspicious enough at the best, and ought not to be encouraged by any modification of the rule in respect to hearsay evidence. There is no claim or pretence in this case that the interpreter could not easily have been had. Indeed he may have been present at the trial, and the defendant may have chosen to rely upon what Lewis would testify that he told him, rather than call the interpreter, when he could easily have done so as to what the witness himself said.

We do not advise a new trial.

In this opinion the other judges concurred.