THE LAKE STREET ELEVATED RAILROAD COMPANY

*v.*

MIRANDA R. SHAW.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. PLEADING—*party cannot recover for negligence not charged in declaration.* A party can only recover for the negligence charged in the declaration, even though other negligence is established by the testimony; and it is error to refuse an instruction containing this principle of law, where no other on the subject is given.

2. EVIDENCE—*when declarations of pain and suffering are not admissible.* Declarations as to pain and suffering of an injured person are not admissible in an action for damages except when made at the time of the injury, so as to be a part of the *res gestœ*, or to a physician during treatment.

3. TRIAL—*what conduct of attorney will work reversal.* The conduct of an attorney in purposely misreading an extract from a deposition to the jury upon an important question in the case, and in declining to correct the mistake when his attention was called to it, is ground for reversal.

MAGRUDER, C. J., dissenting.

*Lake Street Elevated R. R. Co.* v. *Shaw,* 103 Ill. App. 662, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an action on the case, brought by the appellee in the circuit court of Cook county, against the appellant, to recover damages for a personal injury alleged to have been sustained by her in consequence of the negligence of the appellant.

The declaration, which consisted of one count, alleged that on the 27th day of September, 1897, the appellee took passage upon one of the elevated cars of the appellant at Adams street and Wabash avenue for the corner of West Lake street and Sacramento avenue, in the city of Chicago, and that "it became and was the duty of the defendant, upon the arrival of said train at the Sacramento avenue station aforesaid, a station on the line of

defendant's road, to give the plaintiff an opportunity of safely alighting therefrom, and then and there to stop said train a reasonable time to enable the plaintiff so to alight therefrom safely, as aforesaid, yet the defendant did not regard its duty or use due care in that behalf, but, on the contrary thereof, upon the arrival of said train at Sacramento avenue station aforesaid, and while the plaintiff with all due care and diligence was then and there about to alight therefrom, the defendant carelessly and negligently caused the said train of cars to be suddenly and violently started and moved, and thereby the plaintiff was thrown with great force from and off said train to and upon the wooden platform of said station," in consequence whereof she was greatly bruised and rendered insensible and helpless and received permanent injuries, and was obliged to lay out $500 in and about endeavoring to be cured, and she became sick, lame and disordered, and so remained for a long time, to-wit, hitherto, during all of which time she suffered great pain and was hindered from transacting her business, and lost great profits which she otherwise would have made.

The appellant filed the general issue, and upon the trial the jury returned a verdict in favor of appellee for $5000, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellant.

THEODORE G. CASE, JOHN T. MURRAY, and S. W. OSGOOD, (A. W. BROWNE, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the court erred in declining to take the case from the jury upon the motion of the appellant, made at the close of all the evidence, on the

ground that there was a variance between the proof and the declaration. It was averred in the declaration that the appellant carelessly and negligently caused the train upon which appellee was a passenger, as she was about to alight therefrom at her destination, to be suddenly and violently started and moved, and thereby the plaintiff was thrown with great force from and off said train to and upon the wooden platform of the station. There was a conflict in the evidence as to whether the train was suddenly and violently started as the appellee was about to alight and she thrown down by the sudden and violent starting of the train, or whether the train started before the gates were closed, at its usual speed, and the appellee, in attempting to alight, stepped through the gate from the car upon the platform after the train was in motion, and was thrown down. The appellee testified that she boarded the train at Adams street and Wabash avenue, intending to get off at West Lake street and Sacramento avenue, and that when the train stopped at the place of her destination she started to leave the car, and that just as she raised her foot to step from the car to the platform the train gave a lurch, and that the next thing she knew she was thrown down upon the platform. We think the testimony of the appellee fairly tended to support the allegations of the declaration, and that there was no variance between the proof and the declaration, and that the court did not err in refusing to instruct the jury to find for the appellant.

It is next contended that the court erred in refusing to give to the jury the eighteenth instruction offered on behalf of the appellant, which reads as follows:

"The court instructs the jury that although they may believe, from the evidence, that the defendant's servants started and moved the train here in question before the gates were closed, and although you may believe such action was negligent on the part of the defendant, yet that fact, if you find it to be a fact, must not be taken

into your consideration in determining the liability of the defendant in this case, as the plaintiff has made no allegation of and has not complained of such negligence in her declaration."

The testimony of the trainmen and three passengers in opposition to the testimony of the appellee tended to show that the train was not suddenly and violently started and moved, but that before the gates were closed it started slowly and moved smoothly, and that the appellee stepped through the gate from the car upon the platform after the train was in motion, and was thrown down, not by the sudden and violent starting of the train, but by reason of her stepping from the moving train upon the stationary platform. The law is well settled that a party must recover upon the cause of action stated in his declaration,—that he cannot make one case by the pleading and another by the proofs. The allegation that the appellant suddenly and violently started and moved its train, whereby the plaintiff, as she was about to alight, was thrown with great force from and off said train to and upon the platform, is not sustained by proof that the appellant started its train slowly and smoothly while the gates were open and before the plaintiff had time to get off, and that she stepped through the open gate from the car to the platform and was thrown down. The instruction was designed to inform the jury that the appellee could only recover for the negligence of the appellant alleged in the declaration, and as the appellant was not charged in the declaration with starting and moving the train before the gates were closed no recovery could be had for such negligence, even though established by the testimony, but that a recovery must be confined to the negligence averred in the declaration. The instruction contained a correct principle of law, was applicable to the case, and as no other instruction was given to the jury upon that subject it was error to refuse the same. In *Iroquois Furnace Co.* v. *McCrea*, 191 Ill. 340, the court,

on page 344, in discussing the modification of an instruction announcing the same principle, said: "This modification is assigned as error. We are of opinion that the instruction as tendered was bad, ·and that the modification by the court made it a proper instruction. The evidence referred to was competent to be considered upon the question of the care exercised by appellee. It was not competent as showing negligence of appellant, for such negligence was not alleged, and to that extent the instruction as modified properly excluded it."

It is further contended that the court erred in admitting improper evidence on behalf of appellee. Mary T. Fitzgerald, a servant of appellee, was called as a witness. After stating she saw the appellee upon the evening on which she was injured, she was asked: "What did you notice about her?" to which she replied: "I saw that her knee was bruised,—the right knee and the hip. She complained of a pain in her right hip that way, and her face;" and after stating that the appellee was confined to her bed for five weeks, she was asked, "What did you notice about her during the five weeks?" to which she replied, "She complained of pain very much all the time." The appellant moved to strike out of the answer to the first question the words "she complained of pain in the right hip," and the entire answer to the second question, but the court denied the motion and allowed both answers, as given, to stand. There was a conflict in the evidence as to the extent and character of the injury sustained by appellee. The appellee claimed she sustained a severe injury to the right hip, while two physicians (one her family physician) who saw her on the evening after the injury, testified that it was her left side that was injured and that her right hip was not injured, but that her right hip was subsequently injured by a fall upon the sidewalk. To permit the witness Fitzgerald to testify that "she complained of pain in her right hip," and "she complained of pain very much all the time,"

was, in effect, to permit the witness to give hearsay evidence and the appellee to make evidence for herself, (*Illinois Central Railroad Co.* v. *Sutton,* 42 Ill. 438; *West Chicago Street Railroad Co.* v. *Carr,* 170 id. 478; *West Chicago Street Railroad Co.* v. *Kennelly,* id. 508; *Springfield Consolidated Railway Co.* v. *Hoeffner,* 175 id. 634;) and in view of the conflicting evidence was reversible error. In *Springfield Consolidated Railway Co.* v. *Hoeffner, supra,* it was said, (p. 643,) referring to the *Carr* and *Kennelly cases:* "The rule laid down in these cases is, that declarations as to the pain and suffering of the injured party, when made by such party, are only competent if made at the time of the injury, so as to constitute a part of the *res gestæ,* or when made to a physician during treatment."

It is also contended that the court erred in permitting the attorney for appellee to purposely and intentionally misread parts of the deposition of Dr. Davison to the jury, in his closing argument. As has been heretofore said, there was a conflict in the evidence as to whether appellee sustained an injury to her right hip when she fell upon the platform. The testimony of Dr. Davison, the family physician of appellee, was taken in the form of a deposition. He testified, in part, as follows: "Q. And how about the leg aside from the knee?—A. Bruised; the hip was bruised; she complained of pain around the hip, and it was bruised down the side as if she had been thrown apparently on that side, and had been thrown with a twist which had injured this side, and at the same time she had struck her chin upon the platform." Counsel for appellee re-read to the jury the above extract from the testimony of said physician as follows: "And how about the leg aside from the knee?" "Bruised; the hip was bruised; she complained of pain around the hip, —*the right hip,*—and it was bruised down the side as if she had been thrown apparently on the side, and had been thrown with a twist which had injured this side, and at the same time she had struck her chin upon

the platform." The attorney for appellant interposed an objection "to the attorney pretending to read the deposition and reading it improperly," which objection was overruled by the court, and appellant excepted. We are satisfied from the record that the testimony of Dr. Davison was not misread through mistake, but purposely, as the attorney, when his attention was called to the inaccuracy, did not correct the error, but proposed to leave the question to the jury. The question whether appellee sustained an injury to the right hip at the time she fell upon the platform was an important one. The testimony of the physician was in writing, had been read to the jury, and as they could not again read the deposition in the jury room, if the attorney of appellee desired to re-read parts thereof to the jury he should have been required by the court to read the same correctly. We think the conduct of the attorney for appellee in misreading the extract from the deposition of Dr. Davison, and in declining to promptly correct the mistake when his attention was called to the error, most reprehensible, and that such conduct should work a reversal of the case, and thereby prevent the attorney and his client from reaping the benefit of a verdict secured, at least in part, by such unwarranted conduct.

For the errors hereinbefore pointed out the judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE MAGRUDER, dissenting: I do not think that any errors were committed by the trial court, which, in the light of all the evidence and considering all the instructions, given by the court, as one charge, justify a reversal of the judgment of the Appellate Court affirming the judgment of the circuit court, the judgments of the lower courts being conclusive upon us as to facts.