## The Lake Street Elevated Railroad Company v. Anna Craig.

### Gen. No. 12,366.

1. NEGLIGENCE—*particular instructions upon, held properly refused.*
Instructions upon this subject as follows:

"That even if the jury should find that appellant was negligent in moving its train backward without warning, this fact should not be taken into consideration in fixing the liability of the appellant;

"That even if the jury should find that appellant was negligent in moving the train while the gates were open, this fact should not be taken into consideration in fixing the liability of the appellant;

"That if the jury believed that appellee stepped from the car after it began to move back, they should find for the appellant",—
held, properly refused.

2. ALIGHTING—*when act of, not negligence.* If a passenger was proceeding to get off a car when the train suddenly started backward and the impetus of the motion of such passenger, together with the sudden starting of the car, carried such passenger forward without volition upon the part of such passenger, it is immaterial whether the act of stepping off occurred an instant before or an instant after the car began to move.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 24, 1906.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellant.

RITCHIE & MEYER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action by appellee to recover for personal injuries. A jury returned a verdict in her favor upon which judgment was entered.

Appellant contends that the verdict and judgment are contrary to the evidence. The injuries complained of are said to have been caused by a fall occasioned by negligence of appellant's employees in suddenly backing a train after it had been brought to a full stop at a station platform, and while appellee was in the act of alighting therefrom,

and without allowing sufficient time for passengers to alight in safety, or giving notice that the car was about to move, either by closing the gates of the car platform or otherwise. It is true, as appellant urges and as we have not infrequently said, the mere fact that a jury have passed upon questions of fact does not preclude this court from determining whether the verdict is justified by the evidence. I. C. R. R. Co. v. Cunningham, 102 Ill. App. 207. In the present case, however, there is evidence sufficient, we think, to justify the jury's finding. Appellee, a woman then sixty-four years of age, was a passenger on appellant's train. When the train stopped she arose from her seat, walked to the car platform and was, as she states, stepping from it on to the station platform when there came a sudden backward motion of the train accompanied by a jerk which threw her forward " on all fours," upon her hands and knees, on the station platform. Emphasis is laid by appellant's attorneys upon the statement made by appellee on cross-examination that when she was at the gate ready to step off, the car gave a jerk and " then I stepped and fell." It appears that when subsequently recalled to the stand, she corrected herself in this respect, saying that she was in the act of getting off when the jerk came, but did not attempt to get off after or while the car was moving. In this she is corroborated by her daughter. Whatever her exact position when the alleged jerk occurred, the material question is whether appellee was thrown down and injured by the motion of the train occurring as she was getting off the car at a time when she had a right to suppose the train would remain stationary long enough to enable her to do so in safety. It would not be strange for one in like circumstances to be unable to state with absolute certainty precisely what the position of each foot was the moment before being thrown down, nor to be somewhat confused on cross-examination as to such a matter. Exactness of recollection on that point is scarcely to be expected under such circumstances.

It is claimed in behalf of appellant that the car was not started back violently or suddenly as alleged in the decla--

ration, but that it moved evenly and smoothly, and that appellee was not thrown, as she claims, because the train started with a jerk nor by any sudden and violent movement. There was some conflict of evidence, but there is abundant testimony tending to show that the movement of the train was accompanied by a sudden jerky motion sufficiently violent to throw appellee and other passengers off their balance, and tending to sustain the averments of the declaration.

It is urged that the Superior Court erred in refusing to give certain instructions requested by appellant. These as stated in appellant's brief were to the effect,

"(1) That even if the jury should find that appellant was negligent in moving its train backward without warning, this fact should not be taken into consideration in fixing the liability of the appellant.

(2) That even if the jury should find that appellant was negligent in moving the train while the gates were open, this fact should not be taken into consideration in fixing the liability of the appellant.

(3) That if the jury believed that appellee stepped from the car after it began to move back, they should find for the appellant."

The ground upon which it is urged the first two of these instructions should have been given is that appellee "has not complained of such negligence in her declaration." The averment of the declaration is that while plaintiff was in the act of alighting from the train the defendant "then and there so negligently operated and ran said car as to cause same suddenly and violently to move, whereby plaintiff was thrown violently over upon the station platform", etc. Under this declaration, if there was evidence tending to show, as there was, that appellant so negligently operated the car in suddenly moving its train backward without warning and while the gates were open, that appellee was thereby thrown on the platform and injured, it would have been at least misleading to have given the instructions complained of. The question for the jury was of course whether ap-

pellant was guilty of negligence charged in the declaration, but proof that the car was started backward without warning and while the gates were open for passengers to alight, clearly tended to sustain the averment that the train was negligently caused to move suddenly, as the declaration charges, and it would have been improper to instruct the jury to disregard such evidence. Nor does it necessarily follow, even if the jury believed from the evidence that appellee actually stepped from the car after it began to move backward, that she could not recover. If, as we have said, she was proceeding to get off when the train suddenly started backward and the impetus of her own motion, together with a sudden start of the car, carried her forward, as there is evidence tending to show, without volition of her own, it is immaterial whether the mere act of stepping off occurred an instant before or an instant after the car began to move. In Lake St. Elevated R. R. Co. v. Shaw, 203 Ill. 39–42, relied on by appellant's attorneys, there was evidence tending to show that appellee stepped through the gate and from the car after train was in motion "and was thrown down, not by the sudden and violent starting of the train, but by reason of her stepping from the moving train upon the stationary platform." In the case at bar, on the contrary, there was evidence tending to show that appellee was moving off and was close at the edge of the car platform when the train started with a jerk and that it was this that threw her on the platform. In such case it is immaterial, as we have said, whether she made the actual step before or a few seconds after the car had started, since that step would probably be the joint effect of her own motion and of the sudden jerk, and not of appellee's volition. The instructions refused, if given, would not have left the question of whether appellee stepped off voluntarily after the car was in motion or was thrown forward and off by the sudden start of the car, to the jury, but, ignoring this question, would have directed them to find for appellant in any event, provided they believed from the evidence that the

actual stepping off occurred even an instant after the car had begun to move. The instructions in question were properly refused.

Finding no material error in the record, the judgment will be affirmed.

*Affirmed.*