LILLIAN GREINKE, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. PLEADING—*what is a sufficient averment of negligence in action by passenger injured in collision.* In an action by a passenger injured in a street car collision, it is a sufficient averment of negligence to allege that the plaintiff was a passenger upon defendant's car and that the defendant failed to perform its duty to safely carry the plaintiff by permitting the car to collide with another of the defendant's cars, and it is not necessary to allege the facts showing the cause of the collision.

2. STREET RAILWAYS—*what makes a prima facie case in action for injuries received in collision.* Proof that the plaintiff was a passenger upon defendant's street car and that she was injured in a collision between such car and another of the defendant's cars is sufficient, if no contributory negligence of the plaintiff appears, to make a *prima facie* case for resulting damages, and casts upon the defendant the burden of showing, if it can, that it was not legally responsible for the collision.

3. EVIDENCE—*what testimony by physician is incompetent.* Testimony by a physician who has merely examined the plaintiff with a view to testifying is not admissible, where it is based wholly upon his observation of outward manifestations within the plaintiff's control, such as pressure of the hands, turning in of the toes, drooping of the foot when sitting on a chair, dragging the foot slightly when walking, twitching the hands, and the like.

4. APPEALS AND ERRORS—*when admission of incompetent testimony will not reverse.* The admission of incompetent testimony by a physician in a personal injury case does not justify a reversal, where such testimony is merely corroborative of matters already clearly proven by competent evidence or evidence admitted without objection, so that it is apparent that the error was harmless.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

C. LEROY BROWN, (JOHN R. HARRINGTON, of counsel,) for appellant.

JAMES L. BYNUM, (OLIVER R. BARRETT, and EDWIN HEDRICK, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the superior court of Cook county by the appellee, a minor, by her next friend, to recover damages alleged to have been sustained by her on August 6, 1904, in consequence of the negligence of the appellant while she was a passenger upon one of its street cars, in the city of Chicago.

The declaration contained one count, which was, in part, as follows: "For that whereas, on and before, to-wit, the 6th day of August, A. D. 1904, at the city of Chicago, county of Cook and State of Illinois, the defendant was in the possession of and using a certain line of street railway, commonly known as the South Halsted street line, of said defendant, running along, upon and over Halsted street,

Clark street and divers other streets in the said city of Chicago, together with certain cars thereunto belonging and used for the conveyance of passengers for a certain reward to the defendant in that behalf, and operated by means of electricity. And the plaintiff avers that at the time aforesaid she was a passenger on one of the said cars of the said defendant, which said car was then and there being run in a southern direction along, upon and over Clark street, at or near the intersection of Clark street and Fifteenth street. And the plaintiff further avers that it then and there became and was the duty of the said defendant to have used the highest degree of care to safely carry the plaintiff, so being a passenger, as aforesaid, in and on said car aforesaid, along, upon and over the route traveled by the same, yet the defendant did not regard its duty in that behalf and did not use due and proper care that the plaintiff should be safely carried in and on said car aforesaid, but neglected so to do, and by reason thereof afterwards, and while the plaintiff was a passenger on said car aforesaid and in the exercise of all due care and caution for her own safety, at or near a certain point in said city, county and State, to-wit, the intersection of Clark street and Fifteenth street, the said car aforesaid collided with a certain other car of the said defendant, by means and in consequence whereof the plaintiff was thrown with great force and violence upon and against a certain seat of said Halsted street car, and by means whereof the plaintiff's back and head were severely hurt, bruised, wounded and injured, and she was injured in and about the abdomen and in and about the spinal cord, and her back, head and hip were greatly contused, and she suffered severe nervous shock, and her mind became impaired and seriously injured, and was injured both internally and externally, and was otherwise greatly hurt, bruised, wounded and injured, and became therefrom sick, sore, lame and disordered, and will be sick, sore, lame and disordered the remainder of her life,

during all of which time the plaintiff has suffered and will suffer great pain, and has been prevented from attending to and transacting her usual and ordinary affairs and duties, and has lost and will lose divers great gains and profits which she otherwise would have made and acquired, and also by means of the premises was then obliged to and became obligated to pay, lay out and expend divers large sums of money, amounting to, to-wit, $500, in and about the endeavoring to be cured of her said hurts, bruises, wounds, injuries and contusions received as aforesaid, to the damage of the plaintiff in the sum of $25,000, and therefore she brings her suit."

The general issue was filed and a trial resulted in a verdict in favor of the appellee for the sum of $5000, upon which the trial court, after overruling motions for a new trial and in arrest of judgment, rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The first contention made by appellant is that the declaration is not sufficient to support the judgment, and for that reason the court erred in overruling its motion in arrest of judgment. In *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232, on page 236, this court said, in actions of this character "it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure;" and it is claimed by the appellant that the declaration filed in this case fails to allege facts which show the appellant owed appellee a duty, and a breach of such duty. It has been held by this court in a number of cases that where an accident happens to a passenger upon a street railway and the instrumentality which caused the accident

was within the control of the railway company, and the passenger at the time of the accident was in the exercise of due care for his own safety, a cause of action is made out against the railway company,—that is, that under those circumstances a *prima facie* case of negligence is made out against the railway company by showing the happening of the accident without showing the cause of the accident. (*West Chicago Street Railroad Co.* v. *Martin,* 154 Ill. 523; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 id. 40; *Chicago City Railway Co.* v. *Rood,* 163 id. 477; *Chicago Union Traction Co.* v. *Newmiller,* 215 id. 383; *Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 id. 47; *Chicago Union Traction Co.* v. *Giese,* 229 id. 260.) The declaration in this case alleges (1) that the appellee was a passenger upon the appellant's railway and that it was the duty of the appellant to safely carry her; (2) that the appellant failed to perform said duty, but permitted the car upon which the appellee was a passenger to collide with a certain other car of the appellant; and (3) that as a result of such collision the appellee was thrown with great force and violence against the seat of the car upon which she was a passenger, and was injured.

It is said, however, that the declaration does not aver facts which show the cause of the collision,—that is, whether it occurred through the negligence of the appellant or of a stranger. The declaration does show that the collision took place between two cars of the appellant, upon one of which the appellee was a passenger, and all that was necessary for the appellee to do was to aver in her declaration a state of facts from which the law would raise a duty and aver its breach. This was done by averring that the appellee was a passenger upon one of the appellant's cars, and while she was such passenger the car upon which she was a passenger collided with another car of the appellant. (*West Chicago Street Railroad Co.* v. *Martin, supra.*) The appellee was not required to aver more facts than she was required to

prove. The appellee may not have known the cause of the collision, and in order to recover was not bound to prove its cause. If she had averred its cause she would have been required to prove the same, and might have failed in the proof and therefore have been defeated. She therefore, under the law, had a right to stop with the averment and proof that she was a passenger upon one of appellant's cars and that while she was such a passenger there was a collision between that car and another of appellant's cars, and then to have rested and relied upon the presumption of negligence arising therefrom as a matter of law, from which state of facts the burden of proof would have been thrown upon the appellant to show that it was not legally responsible for the collision in which the appellee was injured, if it could. In *Elgin, Aurora and Southern Traction Co.* v. *Wilson, supra,* on page 51, the court said: "The doctrine to be deduced from the above cases is, that when one becomes a passenger on a car of a common carrier to be transported from one station on its line to another, and has paid a consideration therefor, the contract on the part of the carrier is to provide safe and sound cars, track and necessary appliances to carry the passenger to his or her destination without injury. Where such a passenger is injured by a collision, proof of the relation of passenger and carrier, of the collision and the injury, if no contributing negligence on the part of the passenger appears, makes a *prima facie* case for the resulting damages, and casts upon the common carrier the onus of proving that the injury resulted from inevitable accident or from some cause against which human prudence and foresight could not have provided."

We are of the opinion the declaration stated a good cause of action, especially when its sufficiency is challenged by a motion in arrest of judgment.

It is further contended that the court erred in admitting in evidence certain expert testimony offered upon the

trial upon behalf of the appellee. It was claimed that the appellee was suffering with paralysis as a result of the injury which she received, and she called as a witness on her behalf one Dr. Stephen W. Cox, who had examined the appellee on the day before he testified, to qualify himself as an expert witness, and who was permitted to testify, over the objection of the appellant, that at the time of his examination of the appellee she was nervous; that there was a twitching and jerking of her hands; that there was a slight drooping of her left leg or left foot as she allowed it to hang over a chair; that the toes of the left foot turned in more than those of her right foot; that the step with the left foot was not as strong as that with the right,— "not exactly a dragging but a suspicion of dragging;" that he tested the strength of her hands by taking hold of them with his hands and asking her to squeeze; that he noticed a difference in the strength of her hands; that one thumb was weaker than the other; that the examination was not made for the purpose of treating the appellee but that he might testify as a witness in her case; that he could not say positively whether the jerking and twitching which he observed were voluntary or involuntary; that his impression was that they were involuntary; that the muscles which produced the conditions observed by him were voluntary and under the control of the appellee.

The rule is well established in this State that the declarations of the injured party, in a case like this, when made as a part of the *res gestæ* or to a physician during treatment or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, may be introduced in evidence; (*Illinois Central Railroad Co.* v. *Sutton,* 42 Ill. 438; *West Chicago Street Railroad Co.* v. *Carr,* 170 id. 478; *Springfield Consolidated Railway Co.* v. *Hoeffner,* 175 id. 634; *Lake Street Elevated Railroad Co.* v. *Shaw,* 203 id. 39; *Chicago City Railway Co.* v. *Bundy,* 210 id. 39;) but the

declarations of the injured party made to a physician who has made an examination of such party with a view to qualify himself to testify as a witness, only, are not admissible. (*Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192; *Chicago City Railway Co.* v. *Shreve,* 226 id. 530; *City of Chicago* v. *McNally,* 227 id. 14; *Chicago Union Traction Co.* v. *Giese, supra; Eckels* v. *Muttschall,* 230 Ill. 462; *Kath* v. *Wisconsin Central Railway Co.* 121 Wis. 503; 99 N. W. Rep. 217; *Grand Rapids and Indiana Railroad Co.* v. *Huntley,* 38 Mich. 537.) It has also been held that witnesses who are not experts may express their opinions as to the physical condition of persons whom they have observed,—that is, they may state whether, in their opinion, such persons are in good health, have the ability to perform work, whether they are suffering pain, are conscious or unconscious, in possession of their mental faculties, etc. (*West Chicago Street Railway Co.* v. *Fishman,* 169 Ill. 196; *Cicero and Proviso Street Railway Co.* v. *Priest,* 190 id. 592; *Chicago and Eastern Illinois Railroad Co.* v. *Randolph,* 199 id. 126.) The rule, however, is well settled that a physician, when called as a witness, who has not treated the injured party but has examined him solely as a basis upon which to found an opinion to be given in a trial to recover damages for the injury sustained by the injured party, cannot testify to the statements made by the injured party to him, or in his presence, during such examination, or base an opinion upon the statements of the injured party. (*Illinois Central Railroad Co.* v. *Sutton, supra; West Chicago Street Railroad Co.* v. *Carr, supra; West Chicago Street Railroad Co.* v. *Kennelly,* 170 Ill. 508; *Stevens* v. *People,* 215 id. 593.) An expert witness called under such circumstances must base his opinion upon objective, and not subjective, conditions. If, therefore, it would have been improper for Dr. Cox to have inquired of the appellee as to the relative strength of her hands, or as to whether she could use her left leg as

well as her right leg, or whether she could walk without dragging her left leg, and it would have been incompetent for him to have given to the jury the result of such interrogation by detailing to them her replies to said questions, (as clearly it would have been,) we think it equally clear that he could not reach the same result by having her answer his questions by a nod of the head or by the pressure of her hands, or by asking her to sit upon a chair, or to walk, and then giving to the jury the results of his observations.

The declarations of an injured party as to his physical condition, brought about as a result of injury, are self-serving, and, at the best, hearsay evidence. Statements, however, made by an injured party which form a part of the *res gestæ*, or those made to his physician during treatment, constitute an exception to the general rule, and are admitted by reason of the fact that he will not be presumed to prevaricate at the very instant of his injury or while he is stating his physical condition to a physician from whom he expects and hopes to receive medical aid, nor will he be presumed to feign disease, pain or distress under those conditions in which he is ordinarily observed by strangers or his friends and neighbors. No such safeguards, however, surround him when he is being examined by an expert whom he has employed to examine him and to give evidence in his case which is about to be tried in court. To permit the injured party, while undergoing an examination by an expert in his employ, by jerks and twitches, by a pressure of his hand, by turning his toes in or by dragging one of his legs when walking, to thus make evidence for himself, and then to permit his expert to go before the jury and bolster up and strengthen by his opinion the self-serving testimony thus manufactured by the injured party, would open up the door wide for the grossest fraud, which might work upon his adversary the most palpable injury. This character of self-serving testimony has been held incompe-

tent by the Supreme Court of Michigan in *McKormick* v. *City of West Bay City*, 110 Mich. 265, and *Comstock* v. *Georgetown Township*, 137 id. 541, (100 N. W. Rep. 788,) and the general rule announced by that court is, we think, in entire harmony with the ruling of this court in the numerous cases hereinbefore cited, and is the correct rule and the one most conducive to justice. We do not intend to hold, however, that a physician may not be able, from an examination of an injured party, to form and express an opinion as to his physicial condition and the probable cause which induced such condition, based upon objective testimony alone, but what we do intend to hold is, that a physician who has not treated the injured party but who has made an examination of the injured party solely with a view to testify as an expert, should not be permitted to express an expert opinion to the jury based upon subjective conditions, and then be allowed to fortify his opinion by stating to the jury acts of the injured party which could have been purely voluntary and under the control of the injured party, and which may rest upon no other basis than the truthfulness of the injured party.

We have, however, examined this record with a great deal of care, and are of the opinion that the error committed by the court in admitting the testimony of Dr. Cox in the particulars pointed out should not reverse this cause. It clearly appears that the appellee was a passenger upon appellant's car; that the car upon which she was a passenger, without fault on her part, collided with another of appellant's cars through its negligence, and that she was injured in such collision; that prior to her injury she was a strong, healthy girl; that immediately thereafter she was sick and was rendered subject to fits and other disorders, and that her mind became impaired. And that she was permanently injured from the effects of said collision there can be no reasonable doubt, unless the testimony of her father, her teachers, her minister, and numerous of her

companions and neighbors, is to be disbelieved. Furthermore, Dr. Grady, who had treated the appellee, observed and testified to substantially all the conditions in the appellee testified to by Dr. Cox, without objection on the part of the appellant. The testimony of Dr. Cox was therefore corroborative and cumulative of facts and conditions which had been clearly established by other competent evidence. In *West Chicago Street Railroad Co.* v. *Maday,* 188 Ill. 308, on page 310, it was said: "When the court can see from the record that an error committed by the trial court in the progress of the case was a harmless one, or that its injurious effect or harmful character was obviated, so as not to affect injuriously, in the final judgment, the rights of the party against whom the error was committed, it should not be allowed to work a reversal. It is more important in the administration of justice that litigation should end in the attainment of substantial justice than that a record of the proceedings should be built up which is without flaw or blemish."

In view, therefore, of this condition of the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*