Tillie Szczech, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,359.

1. NEGLIGENCE—*what makes prima facie case where injury results from a collision.* Proof that the collision in question was occasioned by reason of a defective brake and that the plaintiff was in the exercise of due care at the time, makes out a *prima facie* case and puts upon the defendant the *onus* of rebutting the negligence presumed.

2. EVIDENCE—*when interpreter should be called to testify to interview.* If a doctor has examined a person claiming to have sustained personal injuries and has conversed with such person with the aid of an interpreter, such interpreter is the best witness as to what conversationally took place.

3. INSTRUCTIONS—*propriety of, directing jury to disregard comments of counsel. Held,* that it was not error to instruct the jury that they

"should not be influenced in the slightest degree as to the facts in the case by any assertion or statement of counsel on either side of the case, unless the same is sustained by the evidence in the case."

4. VERDICTS—*when set aside.* A verdict which is clearly the result of a misconception by the jury of the probative force of the evidence will be set aside, and such a verdict is not aided by a *remittitur* of four-tenths of its amount.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed October 6, 1910.

B. F. RICHOLSON and WATSON J. FERRY, for appellant.

ROYAL W. IRWIN and F. W. KORALESKI, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff recovered a judgment for $6,000 in the court below against defendant upon the verdict of a jury minus a voluntary *remittitur* of $4,000.

The action is case for personal injuries inflicted upon plaintiff through the negligence of defendant at a time when the relation of passenger and carrier existed between them.

It is argued for reversal, 1st, that the verdict is against the manifest weight of the evidence; 2nd, errors in exclusion of certain evidence; 3rd, giving of an erroneous instruction to the jury; and, 4th, that the damages awarded are excessive.

The injuries complained of resulted from a collision between two cars of defendant, occasioned by the brake handle on the car upon which plaintiff was riding suddenly becoming loose and not controllable by the motorman in time to avoid colliding with another car. At this time the car was proceeding down the incline from a bridge at Halsted street spanning the Chicago river. Plaintiff on boarding the car being unable to procure sitting room, stood on the front platform at the right of the motorman, in which position she was at the time of the collision. Plaintiff contends, and attempted to establish by proof, that the force of the impact between the two cars thus suddenly brought together threw her against

the brake handle of the car, striking her in the abdomen above the waist line and to the left of the navel, causing injuries which necessitated an operation for gall stones and the removal surgically, more than a year after the accident, of her ovaries and fallopian tubes. The objective injuries following the collision were a bruise on the back of the head, a cut on the thumb, right wrist cut and dislocated, left hand and right knee hurt and the left knee bruised. Defendant contends that it was impossible for plaintiff to have been struck by the brake handle in the abdomen in the manner claimed, because the dash was as high as the motorman's breast and the brake handle a foot higher than the dash, and reconcile the gall stone, ovarian and fallopian tube difficulties to the accelerated birth of a boy baby when plaintiff was but seventeen years of age, which occasioned a laceration of her womb.

This case is similar upon the facts to that of Chicago City Railway Co. v. Pural, 224 Ill. 324, which was a collision case. The trouble there was due to the defective working of the brake, as in this case. Proof that the collision was occasioned by reason of such defective brake, and that the injured plaintiff was in the exercise of due care at the time, was there held to be sufficient *prima facie* proof of negligence to put upon defendant the *onus* of rebutting it by proof sufficient to overcome such *prima facie* case and exculpate it from the negligence so established. We think the jury were fairly justified in concluding that defendant had failed to establish by its proofs that it was without fault or that the difficulties with the brake, resulting in the collision, were not chargeable to its negligence. For, as said in Greinke v. Chicago City Railway Co., 234 Ill. 564, "where an accident happens to a passenger upon a street railway and the instrumentality which caused the accident was within the control of the railway company, and the passenger at the time of the accident was in the exercise of due care for his own safety, a cause of action is made out against the railway company. That is, under those circumstances a *prima facie* case of negligence is made out against the railway company by showing

the cause of accident. * * *" Citing cases the court continuing say: "The doctrine to be deduced from the above cases is, that when one becomes a passenger on a car of a common carrier to be transported from one station on its line to another, and has paid a consideration therefor, the contract on the part of the carrier is to provide safe and sound cars, track and necessary appliances to carry the passenger to his or her destination without injury. When such passenger is injured by a collision, proof of the relation of passenger and carrier, of the collision and the injury, if no contributing negligence on the part of the passenger appears, makes a *prima facie* case for the resulting damages, and casts upon the common carrier the *onus* of proving that the injury resulted from inevitable accident or from some cause against which human prudence and foresight could not have provided." Within the rule above announced the plaintiff made out a *prima facie* case of negligence entitling her to recover, which the jury were justified in finding had not been overcome by defendant's proofs to the degree established as the rule of law necessary to relieve it from liability. It is patent that such accidents do not ordinarily occur if due care is used, and the defective apparatus being under the control of defendant the law will impute negligence to defendant as the reason for the existence of the defect which caused the accident.

The court properly, we think, excluded the evidence of Dr. Andrews as to what plaintiff said through an interpreter at the time he examined her soon after the accident. Dr. Andrews' visit was voluntary and made on behalf of defendant. Plaintiff not being able to talk English, the interpreter was procured at the instance of Dr. Andrews and for his benefit as the representative of defendant. The interpreter was the best witness as to what was said by both plaintiff and Dr. Andrews upon the occasion of his visit to plaintiff and his examination of her after the accident. The learned trial judge so indicated, and counsel for defendant seemed to concur with the judge and made no further objection. This, we think, is sufficient to conclude defendant from now urging any objection to the judge's ruling on this point. Be that as

it may, we are convinced that the judge's ruling was without error. State v. Noyes, 36 Conn. 80.

The contention that the instruction complained about did not correctly state the legal principle applicable, is not well taken. That part of the instruction said to be involved in error reads: "The jury should not be influenced in the slightest degree as to the facts in the case by any assertion or statement of counsel on either side of the case, unless the same is sustained by the evidence in the case." Certainly the jury are limited to the facts in the record in arriving at a verdict, and have no right to depart from the record in the slightest degree. Any attack made by counsel in argument either as to the weight of the evidence and what it tends to prove, or as to the character of the witnesses, howsoever fierce the invective of counsel may be in forensic attack, should have no weight with the jury at all, except where it finds support in the evidence found in the record given in their hearing. To hold otherwise would be a dangerous doctrine, for it would permit a jury to consider matters dehors the record which could never be presented on further hearing to a court of review. While the broadest latitude is allowed counsel in discussing the evidence, nothing not pertinent to the record or lacking support from it has any rightful place either in the argument of counsel or the deliberations of the jury.

It is quite plain that the assessment of damages by the jury was upon the assumption that the very serious difficulties suffered by plaintiff with her gall bladder, ovaries and fallopian tubes resulted from and are traceable to plaintiff's being thrown upon the brake handle of the car and striking thereon her abdomen at about the waist line. Such assessment evidently arose from a misconception upon the part of the jury of the probative force of the evidence. It is, we think, beyond cavil that plaintiff could not have been thrown on the brake handle so as to strike her abdomen on it at the waist line. To have so done plaintiff must have towered in height more than seven feet, and of this there is no proof. Furthermore, the evidence is uncontradicted that the motorman had his hand upon the brake handle during all the time

of the occurrence, and was sitting in front of it during such time. The situation of plaintiff and the motorman and the height of the brake handle above the dash make it incredible of belief that plaintiff struck the brake handle in the manner claimed. Because plaintiff testifies to a condition so improbable does not justify the jury in according credence to it and assessing damages in faith of its verity.

The verdict is clearly the result of a misconception of the probative force of the evidence by the jury. The *remittitur* of four-tenths of the amount of the verdict, so far from curing the vice confessedly in it, but accentuates its illegality. The assessment of damages proceeding as it does upon improbable premises, cannot be maintained. It is clearly excessive as including compensation for ailments not traceable, upon a proper weighing of the evidence, to the accident chargeable to the negligence of defendant. For such excessive assessment of damages the judgment of the Superior Court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*