## John F. Devine, Administrator, Appellee, v. Justin Rothschild, Appellant.

### Gen. No. 18,007.

1. CORONERS—*verdict of jury on unsworn statements.* Where plaintiff's intestate, while unloading a wagon from the rear, was run into and crushed by an automobile, and died five months later, and an unsworn written statement of the attending physician to the effect that death resulted from enlargement of the heart following external violence is read at the inquest before the coroner's jury, and the verdict of such jury finding that death resulted from enlargement of the heart following external violence due to such accident is admitted in evidence "for what it is worth," with permission for defendant to put any additional evidence in as to its value, and the court in charging the jury points out the lack of the sworn statement of such physician at the inquest, the rights of defendant are fully protected in the admission of such verdict.

2. CORONERS—*verdict of jury.* The verdict of a coroner's jury is competent but not conclusive evidence in another proceeding as tending to prove any matter properly before the coroner which appeared at the inquest.

3. EVIDENCE—*expert.* An attending physician may testify what the patient said in describing his bodily condition and suffering and may base his opinion in part on the narrative of the case by the patient, the rule being otherwise as to an expert whose examination was merely for the purpose of testifying.

4. DAMAGES—*for death by wrongful act.* Where plaintiff's intestate, twenty-three years old, had been earning fifteen dollars per week and contributing ten dollars to twelve dollars per week for

the support of his parents and brothers and sisters, some minors, with whom he was living, a verdict for $4,000 damages is not excessive.

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 4, 1913.

CHARLES C. ARNOLD, for appellant.

BOWLES & BOWLES, for appellee; DAN MORGAN SMITH, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Recovery was had in this case for damages on account of the death of plaintiff's intestate alleged to have been caused by the wrongful act of the defendant. It is alleged by the plaintiff, and not denied by the defendant, that the deceased, who was standing at the rear end of a wagon in the act of taking off a portion of the load, was run into by the automobile of the defendant. It is further alleged by the plaintiff that the crushing received by the deceased at that time resulted in his death. The accident happened on May 3, 1909, and the death occurred October 1st following, and it is the contention of the defendant that it was caused by disease and not by the injuries received.

The verdict of the coroner's jury was read in evidence. The jury found that "Frank Powers came to his death on the 1st day of October, 1909, from enlargement of the heart, liver and spleen following external violence due to being caught and crushed between the front of an automobile owned and driven by Justin Rothschild and the tail gate of a wagon at which the deceased was standing unloading goods in front of premises No. 75 Monroe street, on May 3, 1909." The admission of the verdict in evidence is alleged to be error. It is the well established rule that

the verdict of a coroner's jury is competent evidence
in another proceeding tending to prove any matter
properly before the coroner which appeared at the
inquest; that the evidence is not conclusive, but only
competent. (United States Life Ins. Co. v. Vocke, 129
Ill. 557; Stollery v. Cicero & P. St. Ry. Co., 243 Ill.
290.) It is especially objected that because the court
did not admit in evidence this verdict until all the wit-
nesses had been examined (although it was offered
three times) the defendant was thus precluded "from
an adequate treatment of the verdict by the use of
expert evidence or otherwise without a reopening of
the trial and a calling or recalling of witnesses not
then in court."

Dr. R. W. Carter was the attending physician of the
deceased, and was a witness upon the trial. It appears
he was not a witness before the coroner's jury but that
he left an unsworn statement with Dr. Springer, the
coroner's physician, to be used at the inquest. This
fact having been disclosed at the trial before the ver-
dict was offered, the trial judge expressed his doubt as
to the admissibility of the verdict, and excluded it for
the time being. Practically at the close of the case
the court permitted its introduction "for what it is
worth," with permission to the defendant to put any
additional evidence in he might desire as to the value
of it, and with the further proviso that there should be
attached to the verdict such statements as counsel for
the defendant might desire to have admitted. There-
upon the statement of Dr. Carter appears to have been
attached to the document, as well as that of Dr. Sprin-
ger, the coroner's physician, both of which tended to
show that in the opinion of the physicians the deceased
came to his death from enlargement of the heart, liver
and spleen, following external violence. The record
further shows that the court stated to counsel for the
defendant that if further time was desired in which to
introduce evidence which seemed to be made neces-
sary because of the introduction of the coroner's jury's

verdict at the time it was offered, court would be adjourned until the following morning in order that opportunity might be given. Counsel for the defendant thereupon stated that the only further evidence would be the recalling of an expert.

The court in his instructions to the jury at the request of the defendant, advised them that in determining the weight to be given the coroner's jury's verdict they were at liberty to take into account the fact that Dr. Carter did not testify before the coroner's jury, and the further fact that the coroner's jury had before it the unsworn statement only of Dr. Carter. It appeared that there were other witnesses before the coroner's jury, including Dr. Springer, and there was a stipulation entered into by counsel to the effect that no other physicians testified at the inquest than Dr. Springer, and that no statements by physicians were taken or heard except those of Drs. Springer and Carter.

We think no error was committed in permitting the introduction of the verdict, and are of opinion that the rights of the defendant with respect to the weight to be given to it as evidence were fully protected in the manner indicated.

It is argued by the defendant that the verdict upon which judgment was entered was against the manifest weight of the evidence upon the proposition that death was caused by external violence, or traumatism. Immediately after the accident, at the instance of the defendant, plaintiff's intestate was taken to the office of Dr. Sweeney. Later on he was treated by his own physician, Dr. Carter. At the trial Dr. Sweeney was a witness for the defendant, and Dr. Carter for the plaintiff. The testimony of Dr. Zeit, an expert witness, was also offered by defendant. We have carefully read the testimony of these three witnesses, and are unable to come to the conclusion that the decision of the jury in respect to the cause of death, as reflected in its verdict, was against the manifest weight of the evidence.

It is next urged by the defendant that the opinion of Dr. Carter as to what caused the pleurisy which he testified he found to exist, was improperly received because based in part on a narrative of the accident made by the injured man. Dr. Carter was the attending physician, and in such cases it has been held that inasmuch as a physician, in forming his opinion as to the cause of a patient's bodily condition, must necessarily, to some extent, be guided by what the patient tells him, in detailing his sufferings, not only is the opinion thus formed in part upon such data admissible but the physician may state what the patient said in describing his bodily condition. The rule is otherwise as to statements made to an expert who examines merely for the purpose of testifying. (Illinois Cent. R. Co. v. Sutton, 42 Ill. 438; Greinke v. Chicago City Ry. Co., 234 Ill. 564.)

The verdict and judgment were for $4,000, and it is urged that this is excessive. The evidence tends to show that the plaintiff's intestate was in receipt of a salary of $15 per week; that he left a mother and father and brothers and sisters, some of them being minors; that he contributed $10 to $12 per week to his mother for the support of herself and other members of the family; that he was 23 years of age, unmarried and lived with his parents. The judgment in our opinion is not excessive.

We find no error in the record which should cause a reversal, and the judgment will therefore be affirmed.

*Affirmed.*