**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Glory Walter USHAKOW, Defendant-
Appellant.**

**No. 72-2654.**

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 1973.

Rehearing Denied April 30, 1973.

Benjamin Lazarow (argued), Tucson, Ariz., for defendant-appellant.

David S. Hoffman, Asst. U. S. Atty. (argued), Daniel G. Knauss, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CHAMBERS and WALLACE, Circuit Judges, and LUCAS,* District Judge.

PER CURIAM:

Ushakow appeals his conviction subsequent to a jury trial on a one-count indictment charging possession of marijuana with intent to distribute and aiding and abetting, all in violation of 21 U.S.C. § 841(a)(1). We affirm.

Ushakow challenges the admissibility of certain testimony. First, he objects to a conversation related by Carlon between Chicas and himself pertaining to who sold marijuana in Nogales. Chicas spoke in Spanish and there was no proof that Ushakow understood Spanish. However, the record reflects that Carlon was translating and was merely a language conduit between Ushakow and Chicas. Therefore, his testimony is within the same exception to the hearsay rule as when a defendant and another are speaking the same language.

Subsequent to this conversation, Ushakow and Carlon drove to Nogales and discussed marijuana in English with Trujillo; this discussion was clearly admissible.

Ushakow also objects to Carlon's testimony concerning a later conversation when he was not present. Carlon testified that, about one month later, he contacted Trujillo about marijuana Ushakow was to receive in Tucson. Plans concerning delivery were discussed. Although a conspiracy was not alleged, the discussion was properly allowed in evidence on the basis of the joint venture exception to the hearsay rule. *See* United States v. Williams, 435 F.2d 642 (9th Cir. 1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1241, 28 L.Ed.2d 533 (1971); United States v. Griffin, 434 F.2d 978 (9th Cir. 1970), cert. denied, 402 U.S. 995, 91 S.Ct. 2170, 29 L.Ed.2d 160 (1971).

As with its twin brother conspiracy, the trier of fact first must determine the existence of the joint venture as a prerequisite foundation to the admission of any statements against the accused. Here the question was presented to the jury, but the trial court neglected to instruct that the joint venture must be proven beyond a reasonable doubt. *See Griffin, supra* at 984. However, no objection was raised to the joint venture instructions and reversal can occur only when there is plain error. Fed.R.Crim. P. 52. The court gave a proper presumption of innocence—reasonable doubt instruction and stated that it applied to every element of the case. Under the circumstances, we cannot say there is plain error.

Ushakow next complains that a customs agent was allowed to repeat a

* Honorable Malcolm M. Lucas, United States District Judge, Los Angeles, California, sitting by designation.

**1246**

report he heard over his two-way radio that Ushakow had given a signal to Carlon. Any error was harmless as Carlon testified to the same fact.

 Finally, Ushakow challenges the receipt into evidence of fifteen boxes of plastic baggies found in his vehicle at the time of his arrest. He contends that the baggies could be used for a lawful purpose. He is correct. But when the defendant was charged with possession with intent to distribute marijuana, the jury could, and apparently did, draw an equally plausible contrary inference. There was no error.