UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph Anthony DI RODIO, Defendant-Appellant,

Frank Gugliemini, Robert Herko and Sidney Fried, Defendants.

No. 77-2448.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1977.

Alvin B. Green, Los Angeles, Cal., for defendant-appellant.

James Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Di Rodio and a codefendant, Sidney Fried, were tried jointly before a jury for transporting stolen property interstate in violation of 18 U.S.C. § 2314. On appeal Di Rodio challenges his conviction on several grounds,[1] one of which is that the court

---

1. Appellant alleges error on the following points:

(1) the indictment should have been dismissed because it was not supported by probable cause;

(2) the trial court erred by refusing to suppress certain evidence seized pursuant to a search warrant;

(3) the conviction is not supported by sufficient evidence;

(4) the jury was erroneously instructed; and

(5) the errors of the trial court, viewed independently or cumulatively, deprived appellant of a fair trial.

·erred in allowing an FBI agent to testify about post-arrest statements made by Fried. We reverse on that ground.

The prosecution's case consisted primarily of the testimony of George Dorward, an FBI informant then under sentence on a separate charge and who admittedly hoped for leniency in return for his cooperation in the prosecution of appellant.

Dorward said appellant offered to make available to him certain corporate securities shown to have been stolen from a New York securities dealer. The witness then explained events leading to a transfer of the securities in San Francisco in January, 1977. Dorward's testimony included his assertion that he and Di Rodio met with others in Room 332 of a San Francisco motel and picked up a stolen corporate debenture on January 10, 1977. Di Rodio denied attending such a meeting.

FBI Agent Donald McPherson subsequently testified over objection to post-arrest statements made by Fried outside the presence of Di Rodio. Among them was Fried's assertion that, on January 10, 1977, two men named "Art" and "George" came to room 332 of the motel. "Art" was described as being of medium build and well dressed. Fried had denied hearing the conversation in the motel room, but in context it was implied that the two visitors were "Art" Di Rodio and "George" Fredericks (a.k.a. George Dorward).

Appellant contends that McPherson's testimony about Fried's declarations was not admissible under the Federal Rules of Evidence. He argues that the statement corroborated George Dorward's testimony and unfairly buttressed his credibility. His point is that the admission of testimony about the out-of-court statements of his codefendant, who had chosen not to take the stand, deprived him of the right to confront witnesses against him and that the prejudice was not cured by the court's limiting instructions.

■ We agree that it was error to admit the evidence as bearing on Di Rodio's presence at the alleged meeting.[2] While the testimony was admissible and relevant as against Fried, it was hearsay as to Di Rodio.

■ Statements of a coconspirator during the course and in furtherance of a conspiracy are not hearsay.[3] Fed.R.Evid. 801(d)(2)(E). To be admissible the statement must be in furtherance of the conspiracy and be made during the pendency of the criminal scheme. Further, the existence of the conspiracy as well as the connection of the defendant and declarant with it must be proved independently. *United States v. Testa,* 548 F.2d 847 (9th Cir. 1977); *United States v. Pheaster,* 544 F.2d 353, 381 (9th Cir. 1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).

McPherson's testimony as to this statement was outside the realm of admissibility. The statement was made after Fried's arrest. The conspiracy had ended. *See Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). Furthermore, the statement was not made in furtherance of the conspiracy nor to advance any object of it. 4 Weinstein's Evidence ¶ 801(d)(2)(E)[01] at 801–147 (1976). It was

---

Because we reverse for the reasons stated in the body of the opinion, we need not discuss these further allegations of error.

2. Early in the trial, in ruling on the admissibility of McPherson's testimony, the court indicated that Fried's hearsay declarations may have qualified for consideration on the issue of Di Rodio's guilt. This was based on the erroneous assumption that the conspiracy might be shown to have continued after the time of declarant's arrest. This would be highly unlikely in light of *Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949).

The instructions to the jury, however, indicated that the court did not retain this notion for the rest of the trial. *See* note 7, *infra.*

3. Although no conspiracy was charged in the indictment, a portion of the prosecution's case depended upon a showing of a common criminal plan or venture. Therefore, our discussion of the coconspirator exception to the hearsay rule is apposite, since the exception is generally applicable to criminal prosecutions and is not limited to prosecutions for conspiracy. *United States v. Ushakow,* 474 F.2d 1244 (9th Cir. 1973); *United States v. Mendoza,* 473 F.2d 692 (9th Cir. 1972).

offered to show the truth of the claim that Di Rodio was present at the meeting. As to appellant, it was clearly objectionable and should have been excluded.

We concede that trial courts face difficult problems of admissibility and order of proof when treating out-of-court statements of coconspirators. Often such evidence must be offered before independent proof of the conspiracy, its duration, or its object has been established. When such proof is not forthcoming, the prejudicial effect of the testimony can often be minimized by limiting instructions, or it may prove to be insignificant in light of other, overwhelming evidence of guilt.

Nevertheless, when such testimony is before the jury but does not come within the coconspirator exception, the defendant is confronted with hearsay testimony with its attendant dangers, including the inability to cross-examine the declarant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Whether receipt of such testimony is harmless error depends on the facts and circumstances of the case. *Id.* at 135, 88 S.Ct. 1620.

 As we clarified recently in *United States v. Eaglin* (9th Cir. Aug. 10, 1977), a hearsay error does not always rise to the point of a constitutional one. In *Eaglin* we explained that the determination whether there has been constitutional error rests on an evaluation of the reliability of the hearsay declaration.[4] We noted also that hearsay statements of a coconspirator at a joint trial may generate greater prejudice than those received erroneously in other contexts. *Id.* slip opinion at 1808–09 n. 11.

█ Because the statements attributed to Fried lacked sufficient indicia of reliability[5] and because the issue arose in a joint trial where the jury was allowed to consider the testimony as to one defendant but not the other, we conclude that the error reached constitutional dimension. It follows that limiting instructions could not have adequately blunted the prejudicial impact.

The credibility of the chief prosecution witness was an important issue. Fried's hearsay statements corroborated significant portions of Dorward's testimony and the prosecutor emphasized that in his closing argument.[6] The trial judge commented that the evidence of guilt was not overwhelming.

Although the jury was given instructions which clearly stated the law as to coconspirators' declarations, emphasizing that the jury could not consider statements falling outside the exception in determining the guilt of the nondeclarant conspirator,[7] we

---

4. Relevant indicia of trustworthiness include:
(1) the statement includes no express assertion of past fact;
(2) the declarant had personal knowledge of the identity and role of participants in the crime;
(3) the possibility is remote that the declarant was relying on faulty recollection; and
(4) the circumstances under which the statement was made gave no reason to believe that the declarant had misrepresented the defendant's involvement in the crime. *United States v. Eaglin, supra,* slip opinion at 1808, *citing United States v. King,* 552 F.2d 833 (9th Cir. 1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977).

5. Although Fried's statement was not likely to be based on faulty recollection, it was an express statement of past fact, made under circumstances which strongly suggest that he may have misrepresented Di Rodio's involvement. Fried's knowledge of Di Rodio's involvement and role is reflected, for the most part, solely in the contents of the hearsay statement itself.

6. The prosecutor argued:
"Now, you will recall that in a statement to the FBI, Mr. Di Rodio, one of the defendants in the case, denied that he had been at the Holiday Inn. In a statement to the FBI, Mr. Fried said that while he was at room 332 in the Holiday Inn on Monday, January 10th, that two gentlemen came there, one named Art, and he described him, you will recall, as being medium build and well dressed. . . ."

7. The trial judge commented:
"The statements by Mr. Fried concerning the identify of people in the hotel room being made out of court after the conspiracy as to him was concluded by his arrest would not be admissible in determining whether any of the other persons he may or may not have identified in that statement were in fact involved in the conspiracy.

think that alone did not suffice to overcome the prejudice to Di Rodio. *Bruton v. United States, supra. Cf.* 4 Weinstein's Evidence ¶ 801(d)(2)(E)[01] at 801–156–57 n. 53 (cases where error was deemed harmless).

Based on our own reading of the record and what appears to us to be the probable impact on the jury, we cannot say Fried's statements did not contribute to Di Rodio's conviction. *See Bates v. Nelson,* 485 F.2d 90 (9th Cir. 1973), *cert. denied sub nom. Bates v. McCarthy,* 415 U.S. 960, 94 S.Ct. 1491, 39 L.Ed.2d 575 (1974). *See also Schneble v. Florida,* 405 U.S. 427, 430–32, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

The judgment is REVERSED.

"I would not consider that statement as being evidence, for example, against Mr. Di Rodio to establish he had been in the hotel room.

"You do have the other direct evidence which, if you believe, would put Mr. Di Rodio in the hotel room, but that particular statement I would not use to corroborate the direct evidence on that point."

The instructions correctly stated the law. However, we think it unlikely jurors could consider the statement solely as relevant to Fried's guilt when it so directly corroborated the testimony of Dorward, Di Rodio's chief accuser.