UNITED STATES of America,
Plaintiff/Appellee,

v.

Maria Vera Santos GONZALEZ,
Defendant/Appellant.

No. 83-1017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1983.

Decided Sept. 16, 1983.

Kenneth G. Peterson, Asst. U.S. Atty., Sacramento, Cal., for plaintiff/appellee.

Sandra Gillies, Sacramento, Cal., for defendant/appellant.

Before KENNEDY and BOOCHEVER, Circuit Judges, and GILLIAM, District Judge.*

PER CURIAM:

Appellant Maria Santos Gonzalez appeals from a conviction of possession of heroin with the intent to distribute (count I) and distribution of heroin (count II) in violation of 21 U.S.C. § 841(a)(1) (1976).[1] We affirm.

Gonzalez was indicted with a co-defendant, Palafox. Palafox communicated with a Drug Enforcement Administration agent about a sale of heroin while Palafox was incarcerated. Over a period of several months, Palafox, Gonzalez and the Drug Enforcement Administration agent negotiated the delivery of the heroin. When Palafox was released from prison, only he and the agent continued negotiations.

---

* Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

1. 21 U.S.C. § 841(a)(1) (1976) provides:

(a) ... it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . . .

On September 13, 1982, Palafox, Gonzalez and the agent met to consummate the sale. The agent asked for a sample of the heroin, and Palafox removed a package from under the dashboard of the car. He had difficulty opening the package, so Gonzalez handed him a fork, which he used to punch a hole in the wrapping. Palafox and the agent went to the agent's car, where the agent took a sample of the heroin. The agent then triggered the arrest of Palafox and Gonzalez and recovered the bulk of the 124.58 grams of heroin from Palafox's car.

Gonzalez pled not guilty to the two count indictment. The jury found each defendant guilty of both counts.

## MOTION TO ORDER ELECTION BETWEEN COUNTS

■ Gonzalez argues that her possession with intent to distribute and distribution of a sample of heroin were part of the same transaction, therefore the two counts were multiplicitous. We hold that the trial court did not abuse its discretion when it denied Gonzalez' motion to order an election between counts. This case is clearly controlled by *United States v. Mehrmanesh*, 682 F.2d 1303 (9th Cir.1982). In *Mehrmanesh*, this court held that the delivery of a sample followed by the delivery of a larger quantity of heroin constituted two separate violations of 21 U.S.C. § 841(a)(1). The court rejected the defendant's argument that the two deliveries were part of the same transaction and therefore multiplicitous. It stated:

> If the transactional approach urged by Mehrmanesh were accepted, courts would have the unenviable task of examining each transaction and determining wheth-

er a particular delivery was sufficiently separate from prior or future deliveries to constitute a distinct transaction separately punishable under section 841(a)(1). *Id.* at 1306.

Gonzalez argues that *Mehrmanesh* is factually dissimilar because in this case the possession and distribution occurred between the same parties "almost simultaneously" and in one location. Her distinction is unpersuasive. The court in *Mehrmanesh* chose not to emphasize the passage of time or the different locations between deliveries, but rather to relieve courts of the burden of examining such factors by flatly rejecting the defendant's transactional approach. Denial of Gonzalez' motion in this case was not an abuse of discretion.

## JURY INSTRUCTIONS

The district court instructed the jury that if it found a conspiracy existed, it could use statements made by any member of the conspiracy in furtherance of the conspiracy against any other member.[2] Gonzalez concedes that co-conspirator statements are admissible as an exception to the rule against hearsay even where the indictment does not charge conspiracy. She objects, however, to the court's use of the "language of conspiracy" in the jury instructions, instead of language pertaining to "joint venture," "concert of action", or "common plan." We review for an abuse of discretion. *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir.1982).

It is clear that "statements of a co-defendant are admissible ... even in the absence of a conspiracy count where there is independent evidence of a concert of action." *United States v. Williams*, 435 F.2d

2. The district court first defined "conspiracy", then instructed, in part:
Whenever it appears beyond a reasonable doubt from the evidence in the case that a conspiracy existed, and that a defendant was one of the members, then the statements thereafter knowingly made, by any person likewise found to be a member, may be considered by the jury as evidence in the case as to the defendant found to have been a member even though the statements may have occurred in the absence and without the knowledge of the defendant, provided such statements were knowingly made and done during the continuance of such conspiracy, and in furtherance of some object or purpose of the conspiracy.

642, 645 (9th Cir.1970), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1241, 28 L.Ed.2d 533 (1971); Fed.R.Evid. 801(d)(2)(E). Courts have used varying terminology in discussing the co-conspirator exception to the rule against hearsay. *See, e.g., United States v. Di Rodio,* 565 F.2d 573, 575 n. 3 (9th Cir.1977) ("common criminal plan or venture"); *United States v. Zamarripa,* 544 F.2d 978, 981–82 (8th Cir.1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977) ("concert of action"); *United States v. Smith,* 519 F.2d 516, 519–20 (9th Cir.1975) ("joint venture").

■ Although "some courts use a different terminology instead of the co-conspirator exception" when there is no conspiracy charged, 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 801(d)(2)(E)[01], at 801–167 (1981), Gonzalez does not offer nor does further research unearth authority precluding the use of the "language of conspiracy" in jury instructions regarding the admissibility of statements made by joint actors. Moreover, Gonzalez does not demonstrate prejudice resulting from the conspiracy instructions. She makes only a vague assertion that the suggestion that other criminal conduct was attributable to Gonzalez was "bound to prejudice" the jury against her. The instructions in this case essentially described the proper rule on the admissibility of a joint actor's statements, and no prejudice to Gonzalez resulted from those instructions. The use of the "language of conspiracy" was therefore harmless beyond a reasonable doubt and does not require reversal. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

AFFIRMED.