FILED

MAY 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10400 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00124-OWW-7 |
| v. | |
| PIOQUINTO LARIOS SANTACRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted August 30, 2011
San Francisco, California

Before: WALLACE, BERZON, and BYBEE, Circuit Judges.

The district court sentenced Pioquinto Larios Santacruz to 188 months'

imprisonment based on a jury verdict of guilty on counts of conspiracy to distribute

and/or possess with intent to distribute, distribution of, and possession with intent

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to distribute methamphetamine and/or cocaine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Santacruz first contends that Agent Kuehnlein's testimony regarding Santacruz's statements made through interpreter Deputy Davalos were inadmissible hearsay and a violation of the Confrontation Clause. In *United States v. Nazemian*, we held that before reaching Confrontation Clause and hearsay issues, we must determine whether an interpreter's statements should be attributed to the interpreter or the defendant. 948 F.2d 522, 525–28 (9th Cir. 1991). We identified four factors to consider in this analysis: (1) who supplied the interpreter, (2) whether the interpreter had a motive to mislead or distort, (3) the interpreter's qualifications, and (4) whether the defendant's subsequent actions were consistent with the translated statements. *Id.* at 527.

In this case, although the government provided the translator, there was no prior relationship between Deputy Davalos and Agent Kuehnlein, and Santacruz knew that Deputy Davalos was provided by the government at the time of the interview. *See id.* at 527–28. Additionally, Santacruz presented no evidence supporting an assertion that Deputy Davalos was likely to mislead or distort the translations, and merely having a law enforcement background is insufficient to prove such bias. *See id.* Next, Deputy Davalos had significant experience

speaking Spanish and interpreting. Just as experience may serve as the basis for establishing an expert's qualifications, *United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000), experience may be the basis for establishing a translator's qualifications, *see Nazemian*, 948 F.2d at 528. The fourth factor is either neutral or inapplicable because the retrospective nature of the statements makes it impossible for the statements to be corroborated through future events.

Consideration of these factors supports a finding that Deputy Davalos was a "language conduit" or agent of Santacruz's and that the statements should be attributed to Santacruz. Thus, no additional level of hearsay was created as a result of the interpreter's presence. *Id.* at 528; *see also United States v. Ushakow*, 474 F.2d 1244, 1245 (9th Cir. 1973). The statements therefore are admissible as party admissions. *See* Fed. R. Evid. 801(d)(2)(A).

Because, under *Nazemian*, Agent Kuehnlein's testimony consisted of Santacruz's own statements, with Deputy Davalos acting merely as a language conduit or agent, no Confrontation Clause issue is presented. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004) (explaining that the Confrontation Clause applies to witnesses against the accused, i.e., someone other than the accused). In any event, Santacruz was given the opportunity to cross-examine Agent Kuehnlein,

3

which he did, and Deputy Davalos, which he declined. Accordingly, the district court did not abuse its discretion by admitting the statements.

Santacruz next argues that the district court applied the wrong evidentiary standard in making its drug quantity determination. Preponderance of the evidence is the proper standard for making drug quantity determinations, *see United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009), and the district court applied the correct evidentiary standard.

Next, Santacruz argues that the drug quantity determination raised his offense level such that he was exposed to a sentence greater than the statutory maximum, resulting in a punishment that exceeded the seriousness of the offense as understood under 18 U.S.C. § 3553(a). The high end of the advisory sentencing guideline range that Santacruz faced was less than 240 months, the statutory maximum under 21 U.S.C. § 841(b)(1)(C). *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 669–70 (9th Cir. 2002). Therefore, no *Apprendi* violation resulted from the drug quantity determination. *See Apprendi v. New Jersey*, 530 U.S. 446 (2000).

AFFIRMED.

*United States v. Santacruz*, No. 10-10400
**BERZON**, Circuit Judge, concurring:

I concur with the caveat I explain in more detail in my separate opinion in *United States v. Hieng*, No. 09-10401 (9th Cir. May __, 2012): Although I agree with the conclusion that *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991), is not so "clearly irreconcilable," *Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (en banc), with *Crawford v. Washington*, 541 U.S. 36 (2004), as to permit a three-judge panel to overrule *Nazemian*, I believe the continued vitality of *Nazemian* after *Crawford* is an issue that merits en banc review in an appropriate case.