

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0198-08

**JOSE CARMEN SAAVEDRA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. KELLER, P.J., concurred in the result.

### O P I N I O N

The appellant in this case made certain qualified admissions to a police officer through an interpreter. The police officer was permitted to testify to those statements, even though the State did not call the interpreter to the stand. We granted the State's petition for discretionary review to address whether the interpreter's rendition of the appellant's

statement to the police officer constituted an additional, objectionable layer of hearsay. We will remand the case to the court of appeals to address this issue under Rule 801(e)(2)(C) and (D) of the Texas Rules of Evidence.

## PROCEDURAL POSTURE

The appellant was indicted for the offense of aggravated sexual assault of a child, allegedly having caused his fourteen-year-old stepdaughter's mouth to contact his penis. Although the complainant had made an outcry alleging a number of years of sexual abuse at the hands of the appellant, at trial she denied that she had ever performed oral sex on him as specifically alleged. In order to prove the specifically alleged assault, the State was forced to rely upon the first outcry statement that the complainant made in which she had asserted that the appellant had made her "put her mouth onto his penis."[1]

The day after he talked to the complainant, Irving Detective James Sears telephoned the appellant and asked him to come to the police station for questioning. The appellant agreed to do so. Sears understood "very little" Spanish, and the appellant spoke no English, so they communicated through an interpreter, Jaime Casas. Outside the presence of the jury, Sears testified that Casas was a records clerk with the police department. Sears did not know what expertise, training, or certifications Casas might have had to qualify him to interpret

---

[1] *See* TEX. CODE CRIM. PROC. art. 38.072 (first outcry statement of child victim admissible for truth of the matter asserted, notwithstanding hearsay objection, under certain enumerated circumstances).

from Spanish to English, but he testified that Casas was on a list of approved translators for the department and that "he's the one that we normally use." The appellant objected "on the grounds that this is hearsay upon hearsay." The trial court overruled the specific objection, and granted the appellant a running objection with respect to Sears's account of what Casas told him that the appellant had said during the interview. Sears was allowed to testify that the appellant admitted, through Casas, that on one occasion he had "accidentally" touched the complainant's breast and vagina with his hand, that she sometimes sat in his lap when he was driving his truck, and that he had "touched her once in her room," apparently intentionally, "over her underwear and beside her vagina." But the appellant specifically denied that the complainant had ever touched his penis.

On appeal, the appellant maintained that Casas's translation of his statements to Sears constituted an inadmissible layer of hearsay, and the trial court therefore erred in permitting the State to introduce it.[2] In an unpublished opinion, the Fifth Court of Appeals agreed.[3] While acknowledging that other Texas courts of appeals have held to the contrary in recent

---

[2] The appellant did not contend that his statements to Casas were themselves inadmissible. *See* TEX. R. EVID. 801(e)(2)(A) (statement is not hearsay if it is a party's own statement and is offered against him). *See also* TEX. R. EVID. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.").

[3] *Saavedra v. State*, No. 05-06-01450-CR, 2008 WL 44471 (Tex. App.—Dallas, delivered January 3, 2008) (not designated for publication).

years,[4] the court of appeals nevertheless relied upon its own longstanding precedent to the effect that "[a] person conversing with a third person through an interpreter is not qualified to testify to the other person's statements, because he knows them only through the hearsay of the interpreter."[5] The court of appeals considered itself bound by its own precedent "[u]ntil the Court of Criminal Appeals speaks to this issue[.]"[6] Finding that this error was not harmless, the court of appeals reversed the appellant's conviction and remanded the cause for a new trial. We granted the State's petition for discretionary review in order to address what is now an apparent inconsistency among the courts of appeals.[7]

## LAW AND ANALYSIS

### The Common Law of Texas

For the categorical proposition that any testimony about the statement of an out-of-court interpreter as to what an out-of-court declarant said constitutes an objectionable layer

---

[4]

*Cassidy v. State*, 149 S.W.3d 712, 715 (Tex. App.—Austin 2004, pet. ref'd); *Gomez v. State*, 49 S.W.3d 456, 459-60 (Tex. App.—Houston [1st] 2001, pet. ref'd).

[5]

*Durbin v. Hardin*, 775 S.W.2d 798, 800 (Tex. App.—Dallas 1989, writ denied), quoting *Gulf, C. & S.F. Ry. Co. V. Giun, et al.*, 131 Tex. 548, 553, 116 S.W.2d 693, 696 (Tex. Comm'n App. 1938, opinion adopted).

[6]

*Saavedra v. State*, *supra* (slip op. at *2).

[7]

TEX. R. APP. P. 66.3(a).

of hearsay, the court of appeals relied upon its own 1989 opinion in *Durbin v. Hardin*.[8]  That

opinion, in turn, relied upon and quoted the 1938 opinion of the Commission of Appeals of

Texas, adopted by the Texas Supreme Court, in *Gulf, C. & S.F. Ry. Co. v. Giun*.[9]  *Giun* cited

a handful of earlier cases from this Court which do seem, on their face, to stand for this

unyielding proposition.[10]  As the court of appeals in *Durbin* noted, a prominent commentator

on the common law of evidence as it developed in Texas also seemed to regard this rule of

exclusion as an absolute:

> In support of *Giun*, the commentators likewise conclude that testimony
> regarding an interpreter's translation which is made to a third person is
> inadmissible hearsay:
>
> > If a declarant makes a statement in a foreign tongue and A
> > translates the statement to B who does not understand the
> > language in which it was originally spoken, the original
> > declaration may be admissible if proper proof of it is made, as
> > an admission of a party.  Is B's evidence as to A's report to him
> > of the declaration admissible?  It is clear that it is violative of

---

[8]

   775 S.W.2d 798 (Tex. App.—Dallas 1989, writ denied).

[9]

   *Id*. at 801, *quoting Giun*, 131 Tex. 548, 553, 116 S.W.2d 693, 696 (Tex. Comm'n App.
1938, opinion adopted).

[10]

   131 Tex. at 552-53, 116 S.W.2d at 696, *citing*, *inter alia*, *Cervantes v. State*, 52 Tex. Cr. R.
82, 105 S.W. 499 (1907) (hearsay objection should have been sustained); *Boyd v. State*, 78 Tex. Cr.
R. 28, 180 S.W. 230, 232-33 (1915) (witnesses "knew nothing that occurred, except the conversation
in the Spanish language, which [out-of-court interpreter] interpreted to them.  This was hearsay.");
*Turner v. State*, 89 Tex. Cr. R. 615, 232 S.W. 801 (1921) (witness's testimony about what interpreter
told him the defendant had said "was hearsay and inadmissible").  *See also Funk v. State*, 84 Tex.
Cr. R. 402, 208 S.W. 509 (1919) (witness's account of what others had told him the defendant had
said, translated from Spanish to English, "was hearsay[,]" albeit its admission was harmless error).

the hearsay rule and inadmissible. *It is necessary to produce the interpreter himself as a witness and have him testify to the terms of the declaration.*

1A R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 789 (Texas Practice 3d ed. 1980) [at 19] (footnote omitted) [emphasis supplied by court of appeals].[11]

And yet, the common law was never this categorical. Both *Durbin* and *Giun* approvingly quote the following language from Professor Wigmore's treatise:

A person conversing with a third person through an interpreter is not qualified to testify to the other person's statements, because he knows them only through the hearsay of the interpreter. Ordinarily, therefore, the third person's words cannot be proved by anyone except the interpreter himself.[12]

But the very next subsection of Professor Wigmore's treatise recognized a common-law exception to this hearsay exclusion:

A party may make an interpreter his agent to communicate; when this has been the case, the interpreter's statements are virtually the extrajudicial admissions of the *party's agent*, and thus are receivable, from any one who heard them, without calling the interpreter.[13]

Perhaps it was with this exception in mind that the respective courts in both *Giun* and *Durbin* addressed—and rejected on the facts—the argument that the original out-of-court declarant

---

[11] *Durbin*, *supra*, at 801.

[12] *Durbin*, *supra*; *Giun*, *supra*, Tex. at 553, S.W. at 696.

[13] 2 WIGMORE ON EVIDENCE § 812(4) (2d ed. 1923), at 123.

in each of those cases had apparently adopted the interpreters as their agents.[14] It is arguable then, notwithstanding some early cases emanating from this Court,[15] that by 1989 the common law of Texas with respect to this question had evolved into this: A witness's rendition of an out-of-court interpreter's translation of an out-of-court party admission that the witness did not understand without the translation is objectionable as hearsay unless the proponent of the testimony can prove that the original out-of-court declarant had adopted the interpreter as his agent to facilitate the specific communication.

### The Texas Rules of Evidence

Whatever the state of the common law in 1989, when the court of appeals decided *Durbin*, by the time of the appellant's 2006 trial it had been supplanted by the Texas Rules of Evidence. Rule 801(d) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[16] An interpreter's rendition of what a statement made in a foreign language

---

[14] *See Giun*, *supra*, Tex. at 552, S.W. at 696 ("It appears from the record that [the interpreter] accompanied [the witness] to the scene of the accident and was asked by her, and her alone, to talk for her as interpreter. There is no evidence that [the out-of-court declarant] agreed to accept the services of an interpreter or took recognition of [the interpreter] in any way."); *Durbin*, *supra*, at 801 ("The Durbins ask this Court to rule that [the out-of-court declarant] adopted the interpreter as her agent; however, there is nothing in the record to support an adoption by [the out-of-court declarant] of the interpreter as her agent.").

[15] *See* note 10, *ante*.

[16] Tex. R. Evid. 801(d).

means in English is an assertion of fact that, if offered for the *accuracy* of that translation, is indeed "offered for the truth of the matter asserted." It would therefore seem to meet the Rule 801(d) definition of hearsay. Notwithstanding Rule 801(d), however, that assertion does *not* constitute hearsay if it satisfies one or more of the criteria set out in Rules 801(e)(2)(C) or (D). Under these provisions, "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a person authorized by the party to make a statement concerning the subject . . . [or] . . . a statement by the party's agent . . . concerning a matter within the scope of the agency . . ., made during the existence of the relationship[.]"[17] If only by fiat of the rule-makers, then, such a statement does not constitute objectionable hearsay even if it is offered for the truth of the matter asserted. Thus, it may be said that if a party makes an interpreter "his agent to communicate"[18]—whether by authorizing the interpreter to translate a statement for him concerning a specific subject, or by designating the interpreter as his "agent" for purposes of translating a specific statement—the translation rendered by that "agent" does not append a layer of objectionable hearsay upon the party's otherwise admissible out-of-court assertion.[19]

---

[17]   TEX. R. EVID. 801(e)(2)(C) & (D).

[18]   WIGMORE, *supra,* § 812(4), at 123.

[19]   We say "otherwise admissible" because the party's out-of-court statement itself—the first layer of hearsay in this purported hearsay-upon-hearsay claim—does not constitute hearsay by virtue of Rule 801(e)(2)(A), under which a party's own out-of-court statement offered against him for the truth of the matter asserted is not hearsay.

The court of appeals followed its own precedent in *Durbin* without any mention of the Texas Rules of Evidence. We reject its adherence to what it perceived to be the categorical rule in *Durbin* because it fails to account for Rule 801(e)(2)(C) and (D). At least where an interpreter is translating the out-of-court statement of a *party* who has either *authorized* the interpreter to speak for him or adopted the interpreter as his *agent* for purposes of the specific translation, the interpreter's translation does not add a layer of hearsay.

## Other Jurisdictions

Before the advent of the Federal Rules of Evidence and formal codes of evidence in most of the states, there was some degree of variability among jurisdictions in their treatment of this issue. Early on, many jurisdictions seemed to hold, similarly to the early cases from this Court, that the statement of an out-of-court interpreter, *e.g.*, "was manifestly hearsay."[20] Other jurisdictions held such a statement to be inadmissible hearsay, but hinted or held that the result might have been different had an "agency" relationship been established.[21] Still others expressly held that where an agency relationship was shown, testimony about an out-of-court interpreter's translation of an out-of-court declarant's statement was admissible over

---

[20] *Territory v. Big Knot on Head*, 6 Mont. 242, 11 P. 670 (1886); *People v. John*, 137 Cal. 220, 221-2, 69 P. 1063 (1902); *State v. Epstein*, 25 R.I. 131, 55 A. 204, 208 (1903); *People v. Petruzo*, 13 Cal. App. 569, 574, 110 P. 324, 326 (1910); *State v. Fong Loon*, 29 Ida. 248, 158 P. 233, 237 (1916); *People v. Jaramillo*, 137 Cal. App. 232, 235, 30 P.2d 427, 428-29 (1934); *Garcia v. State*, 159 Neb. 571, 579, 68 N.W.2d 151, 158-59 (1955).

[21] *E.g.*, *State v. Noyes*, 36 Conn. 80 (1869); *Shearer v. Harber*, 36 Ind. 536 (1871); *State v. Terline*, 23 R.I. 530, 51 A. 204, 208 (1902); *Kalos v. United States*, 9 F.2d 268, 271 (8th Cir. 1925); *People v. Chin Sing*, 242 N.Y. 419, 422-23, 152 N.E. 248, 249 (1926).

a hearsay objection.[22] A few jurisdictions articulated a sort of naked necessity-coupled-with-reliability justification.[23]

The Federal Rules of Evidence have codified the common-law doctrine that the statement of an out-of-court declarant whom the original party authorized to speak for him, or that is made by an agent of the out-of-court party-declarant, does not constitute hearsay. Indeed, Rules 801(d)(2)(C) and (D) of the Federal Rules are identical to our own Rules 801(e)(2)(C) and (D).[24] The federal courts, and the states that have also adopted evidence codes modeled after the Federal Rules, have uniformly applied their rules—where

---

[22]

*E.g.*, *Miller v. Lathrop*, 50 Minn. 91, 52 N.W. 274 (1892); *Commonwealth v. Vose*, 157 Mass. 393, 394-95, 32 N.E. 355 (1892); *Meacham v. State*, 45 Fla. 71, 73-4, 33 So. 983 (1903); *Guan Lee v. United States*, 198 F. 596, 601 (7th Cir. 1912); *United States v. Santana*, 503 F.2d 710, 717 (2nd Cir. 1974). Georgia has no formal evidence code, but recent case law has held that an agency relationship, along with circumstantial assurances of accuracy, will justify admission of an out-of-court translation of a party's out-of-court statement. *E.g.*, *Lopez v. State*, 281 Ga. App. 623, 625-26, 636 S.E.2d 770, 771-72 (2006).

[23]

*E.g.*, *People v. Randazzio*, 194 N.Y. 147, 156-58, 87 N.E. 112, 116 (1909) ("We do not, however, deem it essential that the interpreter should be the agent of either party; for a person who is unable to speak or understand our language is compelled by necessity to communicate his ideas through the means of an interpreter, and it matters not whether the interpreter is selected by him or some other person in order to make his statement original evidence. * * * The interpreter has sworn that he correctly interpreted the questions to the defendant, and that he correctly translated the answers made by the defendant to the stenographer. This was sufficient. It constituted his declarations original evidence, and not purely hearsay."); *State v. Letterman*, 47 Or.App. 1145, 1152, 616 P.2d 505, 508 (Or. Ct. App. 1980) ("Rather than rest the admissibility of [the witness's] testimony on an implied agency, however, we find that the testimony is admissible because it satisfies the two requirements common to most, if not all, of the exceptions to the hearsay rule: (1) circumstantial guarantees of trustworthiness, and (2) necessity for use of the out-of-court statement.").

[24]

FED. R. EVID. 801(d)(2)(C)(D).

circumstances have warranted, of course—to allow for the admission of testimony about an out-of-court interpreter's translation of a party's out-of-court statement, whether under the guise of "agency," or "language conduit,"[25] or a catch-all, "residual" exception to the hearsay rule.[26]

---

[25]

The phrase "language conduit" seems to have first appeared in a pre-Rules federal case, *United States v. Ushakow*, 474 F.2d 1244, 1245 (9th Cir. 1973). The phrase was soon commandeered for use under the rules themselves, however. *See United States v. Da Silva*, 725 F.2d 828, 832 (2nd Cir. 1983) ("Where . . . there is no motive [on the interpreter's part] to mislead and no reason to believe the translation is inaccurate, the agency relationship may properly be found to exist. In those circumstances the translator is no more than a 'language conduit,' [citing *Ushakow*], and a testimonial identity between declarant and translator brings the declarant's admissions within [Federal] Rule 801(d)(2)(C) or (D)."). Other Circuits, as well as state courts construing analogous state rules of evidence, soon followed suit. *See, e.g., United States v. Alvarez*, 755 F.2d 830, 859-60 (11th Cir. 1985); *United States v. Beltran*, 761 F.2d 1, 9-10 (1st Cir. 1985); *State v. Randolph*, 698 S.W.2d 535, 537-39 (Mo. App. 1985); *Chao v. State*, 478 So.2d 30, 32 (Fla. 1985); *State v. Spivey*, 710 S.W.2d 295, 297 (Mo. App. 1986); *United States v. Lopez*, 937 F.2d 716, 724 (2nd Cir. 1991); *United States v. Nazemian*, 948 F.2d 522, 526-28 (9th Cir. 1991); *State v. Felton*, 330 N.C. 619, 633-37, 412 S.E.2d 344, 353-55 (1992); *State v. Patino*, 177 Wis.2d 348, 366-71, 502 N.W.2d 601, 608-10 (1993); *United States v. Cordero*, 18 F.3d 1248, 1252-3 (5th Cir. 1994); *People v. Gutierrez*, 916 P.2d 598 (Colo. App. 1995); *State v. Garcia-Trujillo*, 89 Wash. App. 203, 208, 948 P.2d 390, 392 (1997); *United States v. Martinez-Guytan*, 213 F.3d 890, 892-93 (5th Cir. 2000); *Correa v. Superior Court*, 27 Cal.4th 444, 453-63, 117 Cal.Rptr.2d 27, 33-41, 40 P.3d 739, 745-51 (2002); *Cruz-Reyes v. State*, 74 P.3d 219, 223-24 (Alaska App. 2003); *People v. Hinojos-Mendoza*, 140 P.3d 30, 38-9 (Colo. App. 2005); *United States v. Sanchez-Godinez*, 444 F.3d 957, 960-61 (8th Cir. 2006); *United States v. Vidacak*, 553 F.3d 344, 352 (4th Cir. 2009).

[26]

Two state intermediate appellate courts have relied upon their respective state's analog to Federal Rule of Evidence 807, the "Residual Exception" to the federal hearsay rule. FED. R. EVID. 807. In *State v. Terrazas*, 162 Ariz. 357, 783 P.2d 803 (Ariz. Ct. App. 1989), the court rejected an "agency" rationale for admission, but did admit an out-of-court interpreter's translation of an out-of-court party's statement under the state residual exception provision. In *State v. Rodriguez-Castillo*, 210 Or.App. 479, 151 P.3d 931 (Or. Ct. App. 2007), the court of appeals relied upon the state residual exception to admit an out-of-court interpreter's translation of an out-of-court *non*-party's statement. On discretionary review, however, the Oregon Supreme Court reversed the court of appeals's opinion, holding that the "agency" rationale does not apply to admit an out-of-court interpreter's translation of a *non*-party's out-of-court statement, and that the court of appeals erred

In determining whether a party-defendant has in fact adopted an interpreter as his agent, a number of courts have considered the following factors:

- who supplied the interpreter;

- whether the interpreter had any motive to mislead or distort;

- the interpreter's qualifications and language skills; and

- whether actions taken subsequent to the translated statement were consistent with the statement as translated.[27]

Cases from other jurisdictions construing rules of evidence that are identical or substantially the same as our own serve as persuasive authority in the construction of our own rules of evidence.[28] The four factors listed above go, not only to the question of whether the out-of-court party-declarant actually authorized the interpreter to speak for him or adopted the interpreter as his agent, but also to the ultimate reliability of the proffered evidence—always a core consideration in fashioning any exception to the general rule against admitting hearsay

---

to rely on the state residual exception when the trial court had not. *State v. Rodriguez-Castillo*, 345 Or. 39, 188 P.3d 268 (Or. 2008). The Texas Rules of Evidence contain no analog to Federal Rule 807. Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 2 TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE §§ 803.30, 804.6 (3rd ed. 2002), at 246-47, 265-66.

[27]

In *United States v. Nazemian*, *supra*, at 527, the Ninth Circuit gleaned these factors from earlier circuit decisions. Since that time many other courts have adopted them. *E.g.*, *People v. Gutierrez*, *supra*, at 600-01; *State v. Garcia-Trujillo*, Wash. App. at 208, P.2d at 392; *United States v. Martinez-Gaytan*, *supra*, at 892; *Gomez v. State*, *supra*, at 459; *Correa v. Superior Court*, Cal.4th at 457, Cal.Rptr.2d at 36, P.3d at 747; *Cassidy v. State*, *supra*, at 715-16; *United States v. Vidacak*, *supra*, at 352.

[28]

*E.g.*, *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Jones v. State*, 843 S.W.2d 487, 490 (Tex. Crim. App. 1992).

evidence over objection. We therefore hold that, taking these factors into account, if the proponent of an out-of-court translation of an out-of-court statement of a party can demonstrate to the satisfaction of the trial court that the party authorized the interpreter to speak for him on the particular occasion, or otherwise adopted the interpreter as his agent for purposes of translating the particular statement, then the out-of-court interpretation may properly be admitted under Rule 801(e)(2)(C) or (D) of the Texas Rules of Evidence. If the trial court is not so satisfied, it should sustain a hearsay objection to the out-of-court translation, under Rule 802 of the Texas Rules of Evidence.[29] As with all questions of admissibility of evidence, the appellate standard for reviewing the trial court's determination is abuse of discretion.[30]

## CONCLUSION

Having reversed the appellant's conviction based upon the appellant's hearsay claim, the court of appeals did not reach the appellant's second point of error in which he claimed that the evidence against him was factually insufficient. Were we to apply the standard we have announced today to hold that Officer Sears's testimony of what interpreter Casas told him that the appellant had said was admissible, and therefore reverse the judgment of the

---

[29] TEX. R. EVID. 802 ("Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority. Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.").

[30] E.g., *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006).

court of appeals, we would still be required to remand the cause to the court of appeals for that court to resolve the appellant's second point of error.  Because a remand may well be necessary in any event, rather than apply the standard we announce today to the facts of this case, we will vacate the judgment of the court of appeals and remand the cause to that court for further proceedings not inconsistent with this opinion.

Delivered:     November 4, 2009
Publish