**AFFIRM; and Opinion Filed October 25, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01237-CR

**RYAN DEWAYNE NORRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1400222-N**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Ryan Dewayne Norris appeals the trial court's judgment revoking his community supervision. In two issues, he contends the trial court erred in admitting hearsay at the revocation hearing. We affirm.

In May 2014, appellant pleaded guilty to the offense of tampering with physical evidence. In a written judicial confession, appellant stipulated that on May 19, 2013, knowing a murder had been committed, he altered, destroyed, and concealed a motor vehicle and its contents with intent to impair their "verity, legibility and availability as evidence" in any subsequent investigation or official proceeding. The trial court entered a judgment of conviction. In accordance with a plea agreement, the trial court sentenced appellant to ten years' confinement, suspended imposition of that sentence, and placed appellant on community supervision for six years. In October 2015, the

State moved to revoke appellant's community supervision. Although the State later withdrew that motion, it moved again to revoke appellant's community supervision in March 2017 and amended its motion to revoke in July 2017. In the amended motion, the State alleged appellant violated nine conditions of his community supervision, including violating the law by committing "Abandon Child" on September 25, 2015, and by possessing a controlled substance and marijuana on February 9, 2017. The State also alleged appellant submitted a urine sample that was positive for THC, failed to participate in a cognitive behavior program, and did not pay court costs and fines, community supervision fees, a Crime Stoppers fee, and a urinalysis fee. At the revocation hearing, appellant pleaded true to the allegations in the State's motion. Several witnesses testified. The trial court granted the State's motion to revoke and sentenced appellant to ten years' confinement.

In two issues, appellant contends the trial court erred in admitting hearsay from two witnesses at the revocation hearing, Dallas Police Detective Sayers and Officer Elizaldi. Sayers investigated the underlying homicide in May 2013. A man was found dead in an alley. He had been shot and his car was stolen. Sayers testified that appellant came to his attention as a person involved in that "robbery/murder," "[t]hrough a series of witnesses [he] spoke to." The prosecutor asked: "What did you learn during the course of your investigation that made you take the next action of contacting [appellant]?" Sayers testified that he learned from several witnesses that appellant was involved in taking the car during the murder.

Officer Elizaldi testified about the child abandonment incident referenced in the State's motion to revoke. In September 2015, Elizaldi responded to a call involving a disturbance and "possible kidnapping in progress." When Elizaldi arrived at the location, a woman told her the suspect, appellant, pushed her and slapped her hand. Appellant was arrested for a family violence offense. Police were informed that a child was missing and searched the area for appellant's

–2–

vehicle. They found the child in appellant's car in a high-crime area a block or two away from the call location. Elizaldi understood that the child was appellant's son.

Appellant complains only of Detective Sayers's testimony that appellant was possibly involved in a murder by stealing the victim's car and Officer Elizaldi's testimony about being called to the scene of a possible kidnapping and domestic disturbance. Each time, appellant raised a hearsay objection and the trial court overruled it.

We review a trial court's decision to admit evidence over a hearsay objection for an abuse of discretion. *Saavedra v. State*, 297 S.W.3d 342, 349 (Tex. Crim. App. 2009). Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). An extrajudicial statement offered for the purpose of showing what was said rather than for proving the truth of the matter does not constitute hearsay. *Dinkins*, 894 S.W.2d at 347. Police officers may testify to explain how an investigation began and how the defendant became a suspect. *Lee v. State*, 29 S.W.3d 570, 577 (Tex. App.—Dallas 2000, no pet.). Such statements are not hearsay because they are not offered for the truth of the matter asserted. *See Dinkins*, 894 S.W.2d at 347 (citing *Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992), *abrogated on other grounds by Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001)).

The complained-of testimony in this case explained how appellant became a suspect in the evidence tampering case and in the child abandonment case. As such, it was not offered for the truth of the matter asserted. The trial court did not abuse its discretion in overruling appellant's hearsay objections.

Even if the trial court had erred, appellant does not explain how he was harmed by admission of the complained-of evidence. Non-constitutional error that does not affect substantial rights must be disregarded. *See* TEX. R. APP. P. 44.2(b). Proof of a single violation of the terms

of community supervision is sufficient to support revocation. *See Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016). Appellant pleaded true to all the alleged violations of the terms of his community supervision. His pleas of true, standing alone, are sufficient to support the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). In addition, another police officer testified about appellant's drug-related violations. After a traffic stop, police found a baggie of crack cocaine and 17 baggies of marijuana hidden in appellant's groin area, as well as a large amount of cash. Based on this evidence, the officer believed appellant was selling marijuana. Appellant has not raised any complaint related to that evidence.

Further, after revoking community supervision, a trial court can either impose the sentence originally assessed or reduce the punishment to a lesser sentence within the punishment range. TEX. CODE CRIM. PROC. ANN. art. 42A.755(a). Here, the trial court imposed the sentence originally assessed. The decision whether or not to reduce a defendant's sentence is left to the sound discretion of the trial court. *Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976). A trial court does not abuse its discretion in imposing the original sentence. *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.). We overrule appellant's first and second issues.

In a cross-point, the State complains the trial court used the wrong judgment form. After the revocation proceeding, the trial court entered a "Judgment Adjudicating Guilt" rather than a "Judgment Revoking Community Supervision." We abated this appeal and directed the trial court to enter a corrected judgment. The trial court sent us a supplemental clerk's record containing a corrected judgment revoking community supervision. Accordingly, we deny the State's cross-point as moot.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b).

171237F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RYAN DEWAYNE NORRIS, Appellant

No. 05-17-01237-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1400222-N.
Opinion delivered by Justice Brown, Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of October, 2018.