# Court of Appeals
## Tenth Appellate District of Texas

---

10-25-00090-CR

---

Reynaldo Antonio Sanchez,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2017-603-C1

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a jury trial, Reynaldo Antonio Sanchez was convicted of continuous sexual abuse of a young child and sentenced to forty years in prison. *See* TEX. PENAL CODE ANN. § 21.02. On appeal, he raises issues concerning his constitutional right to a speedy trial and the admission of certain evidence over his hearsay and confrontation objections. We affirm.

## Speedy Trial

In his first issue, Sanchez claims that he was denied his constitutional right to a speedy trial.[1]  The State responds that Sanchez failed to preserve this issue for appeal.  We agree with the State.

The Court of Criminal Appeals held in *Henson v. State* that speedy-trial complaints are subject to error-preservation requirements.  407 S.W.3d 764, 768 (Tex. Crim. App. 2013), *cert. denied*, 571 U.S. 1141, 134 S. Ct. 934, 187 L. Ed. 2nd 804 (2014).[2]  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling.  TEX. R. APP. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016).  Further, the party must obtain an express or implied adverse ruling from the trial court or object to the trial court's refusal to rule.  TEX. R. APP. P.

---

[1] Approximately eight years passed from the date prosecution commenced (January 13, 2017) to Sanchez's jury trial (March 3, 2025).

[2] Sanchez invites this Court to ignore *Henson*, claiming that it conflicts with federal Sixth-Amendment precedent and that it has been implicitly overruled by a subsequent Court of Criminal Appeals case, *Taylor v. State*, 667 S.W.3d 809 (Tex. Crim. App. 2023).  In *Taylor*, the intermediate appellate court, notably, expressly declined to address whether Taylor preserved his speedy trial claim for appellate review.  655 S.W.3d 478, 484 (Tex. App—Corpus Christi-Edinburg 2022, *rev'd*, 667 S.W.3d 809 (Tex. Crim. App. 2023).  Instead, the appellate court declined to reverse the trial court's implicit denial of Taylor's speedy trial motion because the trial court did not "conduct a meaningful hearing" on it.  *Id.* at 484-85.  On Taylor's petition for discretionary review, the Court of Criminal Appeals reversed, holding that the court of appeals erred in requiring a "specially-designated 'Speedy Trial Hearing'" before weighing the *Barker* factors.  667 S.W.3d at 810*; see also Barker v. Wingo*, 407 U.S. 514 (1972).  The Court of Criminal Appeals did not address speedy-trial error preservation, let alone implicitly overrule *Henson*.

33.1(a)(2). Sanchez argues that his "request for a priority setting," multiple announcements of ready, presence in court on at least twenty-three occasions, and rejection of a plea bargain evidence his assertion of his right to a speedy trial.

The "request for a priority setting" referenced by Sanchez was a joint request from the State and defense counsel in 2019 indicating that plea negotiations were unsuccessful and requesting "a date certain for trial so that each side may properly present evidence necessary for a claim or defense." This is akin to a pro forma request for a trial date, which the Court of Criminal Appeals has held does not constitute a request for a speedy trial. *See State v. Munoz*, 991 S.W.2d 818, 825-26 (Tex. Crim. App. 1999).

Additionally, announcing ready is not a demand for a speedy trial, but simply "asserts that [the defendant] could go to trial at that moment should the State push for it." *Henson*, 407 S.W.3d at 769. Further undermining Sanchez's argument that his "ready for trial" announcements evidence a speedy-trial assertion are the various occasions that he requested or acquiesced to a continuance despite previously announcing ready.

In 2021, when Sanchez's initial trial counsel informed the trial court that the State had not yet complied with all of his discovery requests, the trial court proposed "set[ting] it off for 90 days to make sure that we're in good shape

when the time comes." Sanchez's trial counsel stated, "Yes sir." A few months later, Sanchez's trial counsel moved to withdraw from representation and attested in his motion that such withdrawal could "be accomplished without material adverse effect on the interests of [Sanchez] and without unnecessarily delaying the due administration of justice." At the hearing on the motion, Sanchez agreed to the requested withdrawal. The trial court appointed new counsel.

It appears that the case was reset multiple times, with no indication in the record that Sanchez objected to the resets. In January of 2024, Sanchez's attorney filed a motion for continuance from his February trial date because Sanchez suffered a stroke and needed additional time for rehabilitation. The trial court granted the continuance. At a hearing on November 4, 2024, Sanchez declined the State's plea offer for a lesser-included offense. His trial counsel told the trial court, "I think we're looking at December 12 - - December 2nd as a trial date." Finally, the trial court held a status hearing on February 14, 2025. The State announced ready for the March trial setting, while defense counsel stated, "[W]e anticipate being ready." Sanchez's attorney explained that he still needed to acquire the services of a new translator for the forensic interview, but noted that he did not expect further scheduling issues.

"A speedy-trial demand should be, at the very least, unambiguous." *Id.* Sanchez did not file a motion for speedy trial, and we find nowhere in the record where he alerted the trial court that he intended to assert his speedy-trial right. We also find nothing in the record that could be construed as an express or implied denial of a request for a speedy trial. *See* TEX. R. APP. P. 33.1(a). Because Sanchez failed to preserve his speedy-trial claim for appellate review, we overrule his first issue.

## Examining Physician's Testimony and Report

In Sanchez's second and third issues, he contends that the trial court erred in admitting over his hearsay and confrontation objections the testimony and medical report of Dr. Soo Battle, which included the complainant's statements translated from Spanish to English by an Advocacy Center employee. We disagree.

RELEVANT FACTS

The complainant's statements to Dr. Battle during her forensic medical examination were translated from Spanish to English by Laura Downing, an employee of the Advocacy Center. Before Dr. Battle testified, Sanchez objected to her testimony and to her medical report on hearsay and confrontation grounds. He explained that his primary concern was Downing's qualification, training, and experience in interpreting the language.

In response to Sanchez's objections, and outside of the jury's presence, the State called Downing as a witness via Zoom. Both parties were permitted to question her. At the conclusion of Downing's testimony, the trial court overruled Sanchez's hearsay objection, stating:

> I find that the interpreter had no motive to mislead or distort, was supplied by the Advocacy Center which is not under the purview or the supervision of the medical examiner. Although they share the same building, they are separate entities within the umbrella of the Advocacy [Center] for Crime Victims and Children. I find that the - - based on the - - Ms. Downing's lifelong ability to learn and speak Spanish, her ability to CLEP out of four classes, which means she took a test for each course and did not have to take it because she made a sufficient score, and the actions taken subsequent to the translated statements were consistent with the statements as translator [sic], therefore I find it is a single hearsay and the medical examination exception applies.

The trial court also overruled Sanchez's confrontation objection, with the qualification that the ruling would be revisited if the complainant did not testify during trial.

Downing did not testify in front of the jury. Dr. Battle, however, testified regarding the complainant's translated statements, and her report containing the translated statements was admitted into evidence. The complainant also testified at trial and was subject to cross-examination.

ANALYSIS

We review a trial court's decision to admit evidence over a hearsay objection for an abuse of discretion. *Saavedra v. State*, 297 S.W.3d 342, 349 (Tex. Crim. App. 2009).

We review de novo a trial court's ruling admitting evidence over a confrontation objection. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

Hearsay

A hearsay statement is an out-of-court statement offered for the truth of the matter asserted. *See* TEX. R. EVID. 801(d). Hearsay statements are inadmissible unless they fall under a recognized exception to the hearsay rule. *Id.* R. 802, 803, 804. If a statement has multiple layers of hearsay, each layer of hearsay must fall under an exception. *Id.* R. 805.

Sanchez's hearsay complaint centers on the second layer of hearsay – Downing's translated statements to Dr. Battle.[3] Sanchez suggests that "Downing did not pass the four-factor test" articulated in *Saavedra v. State*, therefore her translated statements did not meet an exception to the hearsay rule and should not have been admitted into evidence. 297 S.W.3d at 348.

---

[3] Sanchez does not appear to contend that the complainant's statements to Downing – the first layer of hearsay – were inadmissible. The complainant's statements were not excluded by the rule against hearsay pursuant to Rule 803(4) of the Rules of Evidence, permitting out-of-court statements made for the purpose of medical diagnosis or treatment. *See* TEX. R. EVID. 803(4).

Regarding translated statements, the Court of Criminal Appeals has held that an interpreter's translation does not add a layer of hearsay if the proponent can demonstrate to the satisfaction of the trial court that the declarant authorized the interpreter to speak for him or otherwise adopted the interpreter as his agent, acting as a "language conduit." *Id.* at 349. In making this determination, courts consider the following factors: (1) who supplied the interpreter; (2) whether the interpreter had any motive to mislead or distort; (3) the interpreter's qualifications and language skills; and (4) whether actions taken subsequent to the translated statement were consistent with the statement as translated. *Id.* at 348. In addition to demonstrating whether the interpreter was acting as a person's agent, these factors also relate to the "ultimate reliability of the proffered evidence." *Id.* at 349.

Here, neither party supplied the interpreter. Downing was an employee of the Advocacy Center, a nonprofit organization that assists crime victims. When neither party supplied the interpreter, the first factor is neutral. *See Guillen-Hernandez v. State*, Nos. 01-18-00461-CR, 01-18-00462-CR, 2019 WL 2750597, at *4 (Tex. App.—Houston [1st Dist.] July 2, 2019, pet. ref'd) (mem. op., not designated for publication).

As to the second factor, nothing in the record suggests Downing had a motive to mislead or distort the complainant's statements. Sanchez does not appear to challenge this finding. This factor weighs in favor of admission.

Third, Downing grew up in a bilingual family. She testified that although she was not a certified translator, she spoke Spanish with such proficiency that she "CLEPed out" of all four of her required Spanish college classes. She clarified that "CLEPed out" meant that she passed a test to demonstrate her fluency in the language. Downing also verified that in the event that she was unsure of the appropriate translation, she would utilize a Spanish dictionary and clarify her translation with the patient. This factor weighs in favor of admission.

Finally, as to the fourth factor, the actions taken subsequent to the translated statements were consistent with the statements as translated. The complainant underwent a medical examination consistent with the translated statements and also testified at trial to much of the same detail provided in the translated medical report.[4]

Considering the foregoing factors, we find that the trial court did not abuse its discretion in overruling Sanchez's hearsay objection to Downing's

[4] The complainant testified in English at trial, explaining that she had sufficiently learned the language over the past several years. Though her testimony at trial, as noted by Sanchez, did not match exactly every description of sexual abuse in the medical report, her testimony was substantially similar.

translations of the complainant's statements.  We overrule Sanchez's second issue.

Confrontation

Sanchez's confrontation complaint is based on Downing not testifying in front of the jury.  As such, he claims that Dr. Battle should not have been permitted to testify to Downing's interpretations of what the complainant told her.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that the accused in all criminal prosecutions "shall enjoy the right … to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  A defendant's right to confrontation is violated "when a witness is permitted to relate out-of-court 'testimonial' hearsay statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant."  *Ricks v. State*, No. AP-77,040, 2017 WL 4401589, at *15 (Tex. Crim. App. Oct. 4, 2017) (mem. op., not designated for publication) (citing *Crawford v. Washington,* 541 U.S. 36, 68 (2004).  In determining whether a statement is testimonial or non-testimonial, we "objectively evaluate the circumstances in which the statement is provided" and focus on the primary purpose of the statement.  *See Michigan v. Bryant*, 562 U.S. 344, 358-59 (2011).  When the primary purpose is something other than criminal

investigation, "the Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." *Id.* at 361.

Medical reports created for treatment purposes are generally non-testimonial within the meaning of *Crawford*. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n. 2 (2009). Many courts of appeals, including this Court, have concluded that a patient's verbal history to a medical professional during a sexual assault exam for purposes of receiving medical treatment is not testimonial, and thus does not run afoul of the Confrontation Clause. *Williams v. State*, No. 10-13-00149-CR, 2014 WL 895506, at *2-3 (Tex. App.—Waco Mar. 6, 2014, pet. ref'd) (mem. op., not designated for publication). This is so because a person undergoing a forensic medical exam "provides a verbal history to a medical professional for the primary purpose of obtaining medical treatment, whether or not the person intends to report the sexual assault to the police and even though the exam creates evidence that might be used in a prosecution." *Odeku v. State*, 722 S.W.3d 76, 85 (Tex. App.—Houston [1st Dist.] 2025, pet. ref'd).

The primary purpose of Downing's out-of-court statements was something other than criminal investigation, namely, to facilitate communication between the complainant and Dr. Battle for the non-testimonial purposes of obtaining and providing medical treatment. Because

Downing's out-of-court statements to Dr. Battle were non-testimonial, they were not admitted in violation of Sanchez's right to confrontation.[5]

Accordingly, we overrule Sanchez's third issue.

## Conclusion

Having overruled all of Sanchez's issues on appeal, we affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: April 30, 2026
Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CRPM



---

[5] We note that both the Fifth and Ninth Circuits have addressed similar complaints by applying the "language conduit" principle and concluding that a defendant has no constitutional right to confront an interpreter when that test is satisfied. *See United States v. Orm Hieng*, 679 F.3d 1131, 1139 (9th Circ. 2012); *United States v. Budha*, 495 F. App'x 452, 454 (5th Circ. 2012). The Ninth Circuit explained that "whether the interpreter must be considered a declarant, rather than a language conduit, is a threshold inquiry, and … confrontation concerns do not even arise if the statement may be fairly attributed to the speaker." *Orm Hieng*, 679 F.3d at 1140; *see also Blackwell v. State*, No. 02-24-00040-CR, 2025 WL 52115, at *3 n. 7 (Tex. App.—Fort Worth Jan. 9, 2025, no pet.) (mem. op, not designated for publication) (addressing this issue in dicta).